### HALE v. WELCH, Former Collector of Internal Revenue.

No. 429.

District Court, D. Massachusetts.

May 8, 1941.

Hale & Dorr and Edmund Burke, all of Boston, Mass., for plaintiff.

Edmund J. Brandon, U. S. Atty., and George F. Garrity, Asst. U. S. Atty., both of Boston, Mass., Samuel O. Clark, Jr., Asst. Atty. Gen., and Andrew D. Sharpe, and Ruppert Bingham, Sp. Assts. to Atty. Gen., for defendant.

BREWSTER, District Judge.

This action is brought to recover income tax paid upon income for 1935, which the plaintiff alleges was unlawfully exacted.

Section 23 (e) (3) of the Revenue Act of 1934 provides in part as follows:

"In computing net income there shall be allowed as deductions:

\*     \*     \*     .\*     \*

"(e) Losses by individuals. In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise—

\*     \*     .\*     \*     \*

"(3) of property not connected with the trade or business, if the loss arises from fires, storms, shipwreck, or other casualty, \*  \*  \*." 26 U.S.C.A. Int.Rev.Code, § 23 (e) (3).

The controversy arises over a deduction which the plaintiff made for a loss arising from "other casualty." This loss is alleged to have arisen from the destruction of the plaintiff's property at his residence in Dover, Massachusetts, by termites, or white ants.

Defendant has filed a motion to dismiss, which must be denied for the reason that the allegations of the complaint state a claim upon which relief can be granted. If the plaintiff can prove his allegation that this loss comes within the meaning of the words "other casualty", as defined by the authorities, he has made out a case entitling him to recover.

Whether the destruction wrought by termites is to be regarded as a "casualty" entitling the taxpayer to a deduction therefor is a question of fact, to be determined upon evidence properly adduced at the trial. Statements in defendant's brief cannot be accepted as a substitute for evidence upon this issue of fact.

Defendant has called attention to cases where it has been held that claims for losses by termites have not been sustained, but it appears that these cases were decided after hearing upon the merits and cannot be accepted as authority for the proposition that the court must rule, as a matter of law, that the loss is not deductible.

Motion denied.