**FAY et al. v. HELVERING, Commissioner.**

No. 185.

Circuit Court of Appeals, Second Circuit.

June 2, 1941.

William E. Matthews, of New York City (Charles J. Fay, of New York City, of counsel) for petitioners.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Helen R. Carloss, and S. Dee Hanson, Sp. Assts. to Atty. Gen., for the respondent.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

PER CURIAM.

This appeal depends upon whether the destruction by termites of the roofs of two porches upon the taxpayers' house was a loss deductible from their joint income under § 23(e) (3), 26 U.S.C.A. Int.Rev.Code, as a loss "of property not connected with the trade or business, if the loss arises from fires, storms, shipwreck, or other casualty, or from theft." The case was tried upon the following stipulated facts. The house was built in 1913 and in September, 1935, the taxpayers—husband and wife—found that, unknown to them, termites had eaten away the entire strength of the wooden framework of the columns and horizontal beams that supported the roofs of a porch at either end of the house. They had to replace these members and claimed a deduction for the expense. The insects had obviously been at work for a long time, and the loss had therefore in fact taken place gradually although it was not discovered until it was complete.

It is not necessary to say whether or not the word "casualty" should be limited by its context under the doctrine, ejusdem generis. Even though it had been used alone we should not have held that it covered such a loss as this; we agree with the Ninth Circuit which held that exactly this kind of destruction was not a "casualty," United States v. Rogers, 9 Cir., 120 F.2d 244. That word denotes an accident, a mishap, some sudden invasion by a hostile agency; it excludes the progressive deterioration of property through a steadily operating cause. Our decision in Matheson v. Commissioner, 2 Cir., 54 F.2d 537, is very close aboard. There we held that the injury done to the taxpayer's house was not a "casualty" when worms had eaten the piles on which it stood, and water had rusted steel reinforcing bars. Both piers and bars were protected by concrete, which water washed away from the piers, allowing worms to attack the wood; and which water also penetrated to corrode the steel. All this had, however, been a gradual process and on that account we held that the loss was not a "casualty." If there be any general principle applicable at all, the cases are indistinguishable.

Order affirmed.