*Decision will be entered under Rule 50.*

MARTIN A. ROSENBERG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 27154. Promulgated June 18, 1951.

*Gilbert Weiss, Esq.,* for the petitioner.
*Elmer L. Corbin, Esq.,* for the respondent.

OPINION.

DISNEY, *Judge:* The question presented here, as the parties agree, is whether damage by termites is a loss from "other casualty" within the language of section 23 (e) (3) of the Internal Revenue Code.[1] The parties do not agree as to whether the question is one of law, that is, an interpretation of the statute. The petitioner appears to contend that

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

&ast; &ast; &ast; &ast; &ast; &ast;

(e) LOSSES BY INDIVIDUALS.—In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise—

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

(3) of property not connected with the trade or business, if the loss arises from fires, storms, shipwreck, or other casualty, or from theft. &ast; &ast; &ast;

the question is one of fact, that since the property had been checked for termites in April 1946 and termites were discovered in April 1947 and only in a small area, the infestation was of recent origin, that is, a short time before discovery, and that therefore the loss was a casualty within the statute. Based upon testimony of a witness acquainted with real estate values that if he knew there were termites in the house he would want to buy the property for from $7,000 to $10,000 less (based upon a fair value of $38,000 to $39,000), petitioner also contends that the damage was much more than the $1,800.74 claimed.

Passing the question as to whether or not there was proper proof of the value of the property before and after the damage done by termites, we consider it settled that damage by termites is not "other casualty" within the language of section 23 (e) (3). The subject has been given careful attention in *United States* v. *Rogers*, 120 F. 2d 244 and 122 F. 2d 485, also, *Fay* v. *Helvering*, 120 F. 2d 253, affirming 42 B. T. A. 206. The *Rogers* case says in pertinent part:

* * * The doctrine of ejusdem generis requires the statute to be construed as though it read "loss by fires, storms, shipwrecks, or other casualty of the same kind". The similar quality of loss by fire, storm or shipwreck is in the suddenness of the loss, so that the doctrine requires us to interpret the statute as though it read "fires, storms, shipwrecks or other sudden casualty". * * *

In *Fay* v. *Helvering* the *Rogers* case was followed by the Circuit Court of Appeals, Second Circuit, wherein it was said that:

* * * Even though it had been used alone we should not have held that it covered such a loss as this; * * *. That word denotes an accident, a mishap, some sudden invasion by a hostile agency; it excludes the progressive deterioration of property through a steadily operating cause. * * *

The Court refers to its decision in *Matheson* v. *Commissioner*, 54 F. 2d 537, wherein it was held there was no "casualty" when worms had eaten piles upon which a house stood and water had rusted steel reinforcing bars—a gradual process. The *Rogers* and *Fay* cases involved damage by termites and both, as well as the *Matheson* case, involved section 23 (e) (3) or its counterpart in earlier legislation.

*Hale* v. *Welch*, 38 F. Supp. 754, inclines to the view that whether destruction wrought by termites is a casualty is a question of fact. Though under the above cases we do not agree with such conclusion, we can not find under the evidence here that the damage was done suddenly or even recently, prior to the time of discovery. We think such conclusion would be unwarranted under the evidence. The damage appears to have been done sometime between April 1946 and April 1947 but how soon prior to discovery does not appear.

We conclude and hold that the damage done to petitioner's property by termites was not a casualty within the intendment of section 23 (e) (3) of the Internal Revenue Code.

*Decision will be entered for the respondent.*