## LESLIE C. DODGE AND DEVIEW N. DODGE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 56166. Filed February 9, 1956.

*Leslie C. Dodge, pro se.*
*Raymond Whiteaker, Esq.*, for the respondent.

#### OPINION.

ATKINS, *Judge:* The Commissioner determined a deficiency in income tax against the petitioners for the calendar year 1952 in the amount of $705.34, due entirely to the disallowance of a deduction of $2,074.56 claimed by the petitioners as a casualty loss to their personal residence caused by termites.

The facts were all stipulated and are found as stipulated.

Leslie C. Dodge and Deview N. Dodge were in 1952 and are at the present time, husband and wife, who reside at 360 Twin Drive, Spartanburg, South Carolina.

The individual income tax return for the year 1952 of these petitioners was filed with the director of internal revenue at Columbia, South Carolina.

The petitioners purchased their residence about 1930. In 1944 they noticed that termites had eaten through the floor of the den in their home when they appeared in large numbers on the carpet which they had also damaged. The termite damage to the woodwork was repaired and the cost of the damage to the floor covering was recovered from insurance.

The woodwork under the floors was treated by an exterminating company at the time the damage was repaired. Annual inspections were made by the exterminating company under a contract which extended from 1944 through 1948. As no termite damage was found during the years 1945 to 1948, inclusive, the petitioners concluded that the termites had been exterminated and did not renew the contract for annual inspections.

In about February 1952, the petitioners again noticed that termites had appeared in large numbers on the floor of the den in their residence. They immediately engaged another exterminating company to examine the wood and to spray the sills, joists, and subflooring. Four men worked approximately one week in examining the woodwork and spraying. Extensive damage was found to the woodwork under the den, kitchen, and a part of the dining room, an area which is about 3 feet above the earth level and under which the basement did not extend. It was necessary to replace a large amount of the woodwork, windows in the foundation walls, and cabinets in the kitchen. The petitioners paid an amount of $183.85 to the exterminating company and an amount of $1,890.71 to a builder for the repairs. In their return for the year 1952, they deducted the total amount of $2,074.56, which was disallowed by the respondent in the notice of deficiency.

This is another case in which a deduction for damage caused by termites is sought for the year in which the invasion and damage are discovered. The deduction is claimed under section 23 (e) (3) of the Internal Revenue Code of 1939.[1]

In some of the cases involving termite losses the claimed deductions were allowed and in others they were disallowed, necessitating some analysis of and comment on the various cases in order to test their application to the facts in the instant case.

The first case to be litigated was that of *Betty Rogers, Et Al., Executors* v. *United States*, (S. D., Cal., 1939) 26 A. F. T. R. 1196. In that case a house constructed in 1921 and occupied for residential purposes was extensively damaged by termites and was razed in 1929. In denying a loss deduction for the year 1929, the court in an oral opinion said in part:

It seems to me * * * a casualty is something that comes on suddenly, something that is cataclysmic and catastrophic, something that by the very nature when it strikes something the end is in sight, and something that is sudden, not only in the result or in discovery, but suddenness of appearance. * * * And so far as we

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

* * * * * * *

(e) LOSSES BY INDIVIDUALS.—In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise—

* * * * * * *

(3) of property not connected with the trade or business, if the loss arises from fires, storms, shipwreck, or other casualty, or from theft.

can by general knowledge theorize their [termites'] destructive process is slow, they are slow in incubating, and it may be years before a house is entirely infested with them or the foundation is entirely infested with them so as to reap [wreak] havoc. They are both discernible and preventable, so far as the present knowledge of science exists.

The United States Court of Appeals for the Ninth Circuit in *United States* v. *Rogers*, 120 F. 2d 244 (1941), in affirming the decision of the district court quoted various definitions of the word casualty and concluded that "Since damage by termites or dry rot is not a sudden occurrence but is a development over a longer period of time we think the deduction was improper." Judge Wilbur, in concurring in this result, stated that "The similar quality of loss by fire, storm or shipwreck is in the suddenness of the loss, so that the doctrine [*ejusdem generis*] requires us to interpret the statute as though it read 'fires, storms, shipwrecks or other sudden casualty'."

In the case of *Charles J. Fay*, 42 B. T. A. 206 (1940), the owners of a residence constructed in 1913 discovered in 1935 that termites had damaged the porches, and the amount of the loss sustained was stipulated. In holding that the loss occasioned by the termite damage was not a loss from a casualty, we relied upon the District Court's opinion in the *Rogers* case, and stated in part:

The attack was not in the nature of an inevitable accident which could not be foreseen or guarded against successfully. The destructive process was slow. We conclude, but not without some doubt, that the loss here in question did not result from a casualty within the meaning of that term as used by Congress in section 23 (e) (3).

In affirming our decision in the *Fay* case, the United States Court of Appeals for the Second Circuit in *Fay* v. *Helvering*, 120 F. 2d 253 (1941), said:

It is not necessary to say whether or not the word "casualty" should be limited by its context under the doctrine, ejusdem generis. Even though it had been used alone we should not have held that it covered such a loss as this; we agree with the Ninth Circuit which held that exactly this kind of destruction was not a "casualty", *United States* v. *Rogers*, 9 Cir., 120 F. 2d 244. That word denotes an accident, a mishap, some sudden invasion by a hostile agency; it excludes the progressive deterioration of property through a steadily operating cause. * * *

In the case of *Martin A. Rosenberg*, 16 T. C. 1360 (1951), we again held that damage done by termites is not a loss due to "other casualty." There the taxpayer in April 1946 purchased residential property which was then declared to be sound after examination by an experienced architect. The taxpayer moved into the property in September 1946. In April 1947 termites were discovered in the property. The cost of repairs and termite treatment was claimed as a loss deduction for the year 1947. In denying the loss deduction we stated in part:

*Hale* v. *Welch*, 38 F. Supp. 754, inclines to the view that whether destruction wrought by termites is a casualty is a question of fact. Though under the above

cases we do not agree with such conclusion, we can not find under the evidence here that the damage was done suddenly or even recently, prior to the time of discovery. We think such conclusion would be unwarranted under the evidence. The damage appears to have been done sometime between April 1946 and April 1947 but how soon prior to discovery does not appear.

On appeal of our decision in that case the Court of Appeals for the Eighth Circuit reversed and held that the loss was allowable. *Rosenberg* v. *Commissioner*, 198 F. 2d 46 (1952). In its opinion the Court of Appeals stated that it agreed with the view of the Ninth and Second Circuits in the *Rogers* and *Fay* cases that in order to come within the definition of "other casualty" as that term is used in the statute, "the occurrence must be sudden," but distinguished those cases on the ground that therein there was a lack of demonstrated suddenness of the losses. The court stated that suddenness is a comparative term and that:

Comparatively speaking, an invasion of a colony of termites which destroys the timbers of a building in a month, three months, or a year, is a sudden destruction, when from natural depreciation it would have required from 25 to 50 years or longer for them to have been substantially injured. * * *

The facts in this case may be and probably are unusual in that the time within which the damage or loss occurred could be and was definitely fixed within a relatively short time.

In *Shopmaker* v. *United States*, (E. D., Mo., 1953) 119 F. Supp. 705, an inspection of residential premises at the time of purchase in December 1949 did not disclose the presence of termites. No termites were found in the premises during 1950. In February 1951 termites appeared in the house. The court held that the facts brought the case within the scope of the *Rosenberg* decision and that a loss deduction was allowable. After so holding the court went further and said:

We are impressed with the argument of plaintiffs that the casualty is the invasion of the premises by termites. This is a comparatively quick or sudden operation. The resultant damage which may extend over a period of months or years flows from the casualty. The damage and the time it takes for the termites to effect it should not be confused with their initial invasion and determining what is the casualty. * * *

The case of *Feinstein* v. *United States* (54–2 U. S. T. C. par. 9506, 1954 P.-H. par. 72, 644), arose in the same United States District Court as the *Shopmaker* case. The suit was based on a claimed casualty loss for the year 1951. In that case the presence of termites was discovered in 1945. The taxpayers disregarded the advice given them at that time by a termite control agency and did not take the recommended steps to prevent spreading of the infestation. Termites were found in February 1951 in a previously unexplored portion of the premises and the extent of the damage was then determined. The evidence established that the damage had occurred over at least a 5-year period. In deny-

ing the deduction the court said: "An event that can be guarded against and which is foreseeable is not a casualty."

It is thus seen that the weight of authority is to the effect that, generally, termite damage does not give rise to a deductible casualty loss. This is for the reason that it does not occur suddenly, unexpectedly, or from an unusual cause; it is rather in the nature of a gradual erosion or deterioration of property. *Rogers* v. *United States; Fay* v. *Helvering, supra.* Only in exceptional cases where the invasion and measurable damage have occurred within a relatively short period of time has the loss been held deductible as a casualty loss. *Rosenberg* v. *Commissioner, supra. Shopmaker* v. *United States, supra.*

We think that no loss deduction is allowable in this case under the authorities. We do not know in this case when the termite invasion and the resultant loss occurred. It may have been at any time between January 1949 and the time that a swarm was discovered in February 1952. The record affords no ground for believing that the damage was wrought within a relatively short time after the termite invasion. Thus, in our opinion, even under the *Rosenberg* case the petitioners would not be entitled to the deduction since there is lacking here any showing of the element of suddenness of the destructive process.

*Decision will be entered for the respondent.*