**J. Peter MEERSMAN and La Una Gay Meersman**

v.

**UNITED STATES of America.**

**Civ. No. 3766.**

United States District Court
M. D. Tennessee,
Nashville Division.

May 21, 1965.

William Waller, Robert G. McCullough, Waller, Lansden & Dortch, Nashville, Tenn., for plaintiffs.

James F. Neal, U. S. Atty., Nashville, Tenn., H. Stennis Little, Jr., Dept. of Justice, Washington, D. C., for defendant.

GRAY, District Judge.

This case was heard April 22, 1965, on cross motions for summary judgment presenting the question whether destruction of clothing in the course of a single winter by the larvae of carpet beetles is a casualty loss within the meaning of I.R.C. § 165(a) and (c) (3).

That section provides for a deduction for income tax purposes of uninsured losses that "arise from fire, storm, shipwreck, or other casualty, or from theft."

No reported case seems to have considered the problem of the carpet beetle in the forty-nine years since the above language was enacted, or in the thirteen years since the United States Court of Appeals for the Eighth Circuit first decided that termite damage was included within it, Rosenberg v. Commissioner of Internal Revenue, 198 F.2d 46 (8th Cir. 1952), thereby giving birth to the line of so-called "fast termite" cases on which the plaintiff primarily relies.

Without deciding whether the Rosenberg case would be controlling in a termite case arising in this circuit on similar facts, it can hardly be denied that that case expanded the statutory language beyond the meaning attached to it for the preceding three dozen years. See United States v. Rogers, 120 F.2d 244 (9th Cir. 1941), and Fay v. Helvering, 120 F.2d 253 (2d Cir. 1941).

The construction urged by the plaintiff would carry the Rosenberg expansion of the statutory language a step further. Although the step is only a small one, it is beyond the pioneering province of this court. Burns v. United States, 174 F. Supp. 203 (D.N.D.Ohio 1959), affirmed 284 F.2d 436 (6th Cir. 1960).

Accordingly, it is ordered that the plaintiff's motion for summary judgment be, and it is hereby, denied, and that the defendant's motion for summary judgment be, and it is hereby, granted.