Joseph A. and Margaret R. Austra v. Commissioner.
Austra v. Commissioner
Docket No. 2003-64.
United States Tax Court
T.C. Memo 1966-28; 1966 Tax Ct. Memo LEXIS 253; 25 T.C.M. (CCH) 178; T.C.M. (RIA) 66028; February 9, 1966
Glendale O. Scott, for the petitioners. Charles F. T. Carroll, for the respondent. TANNENWALD
Memorandum Findings of Fact and Opinion TANNENWALD, Judge: Respondent determined a deficiency in petitioners' 1960 Federal income tax of $499.99. The only issue is whether termite damage to petitioners' residence resulted in an allowable deduction in 1960. Findings of Fact Certain facts were stipulated by the parties and are incorporated herein and found accordingly. The petitioners are husband and wife and reside in Germantown, Maryland. They filed their joint Federal income tax return for the year 1960 with the district director of internal revenue, Baltimore, Maryland. Petitioners *254 completed construction of a home in Germantown in 1954. They lived in the house through the taxable year involved herein. The house was one-story and of wood frame construction. There was an open or "crawl" space between the ground and the base of the house under the kitchen and dining area. In July 1958, termite infestation was discovered in supporting wooden beams and posts in the crawl space, and the damage was repaired. The repairs consisted of replacing the damaged wooden posts which had been in contact with the ground with posts of steel and adding a cement wall capped with concrete to the base of the house under the kitchen and dining area. The contractor who made the repairs did not check the remainder of the house for termite infestation. After the repairs in 1958 and through May 1960, no exterminator inspected the house for termites, although petitioners themselves made periodic examinations of the house. The contractor who made the 1958 repairs applied preventative spray to the house twice in 1959. In June 1960, termite infestation, consisting of both live and dead channels, was discovered in the portion of the house not checked for infestation in 1958. There was *255 no infestation discovered in the primary supports of the house which the contractor had checked and repaired in 1958. The damage was repaired and the repairs were paid for in 1960. Termite infestation may be present notwithstanding the absence of outward signs of such infestation. It may not be apparent from visual inspection of the interior and exterior of a building. Petitioners in 1960 had the house repaired and remodeled and paid therefor a total of $4,200. Of this amount, $2,565 represented the cost of repairing the termite damage. In their 1960 return petitioners deducted $2,500 as a loss from termite damage. In an amended return for that year they increased the amount of the claimed deduction to $2,789.22. Opinion The sole issue in the instant case is whether the hole drilled in the petitioners' pocketbook by termites in 1960 gave rise to a deductible casualty loss. [1] Petitioners contend that the termite infestation occurred between 1958 and 1960 and thus met the requirement of "suddenness" which the decisions have incorporated in subsection (c)(3). Respondent argues that petitioners have not proved that the infestation discovered in 1960 had not begun before July *256 1958 and, even if the infestation began on or after July 1958, petitioners have still not established the requisite suddenness. We agree with respondent. In prior cases, we have construed "casualty" as used in section 165(c)(3) to mean "an accident, a mishap, some sudden invasion by a hostile agency; it excludes the progressive deterioration of property through a steadily operating cause." Rudolf Lewis Hoppe, 42 T.C. 820, 823 (1964), affd. 354 F. 2d 988 (C.A. 9, 1965); Leslie C. Dodge, 25 T.C. 1022, 1026 (1956). The burden is on the taxpayer to show that the damage occurred with "suddenness" rather than by "progressive deterioration." As we stated in Leslie C. Dodge, supra, at p. 1026, *257 [only] in exceptional cases where the invasion and measurable damage have occurred within a relatively short period of time has the loss been held deductible as a casualty loss. Petitioners have not brought themselves within the category of an "exceptional case." Cf. Rosenberg v. Commissioner, 198 F. 2d 46 (C.A. 8, 1952); E. G. Kilroe, 32 T.C. 1304 (1959); Shopmaker v. United States, 119 F. Supp. 705 (E.D. Mo. 1953). The instant case is strikingly similar to Rudolf Lewis Hoppe, supra. In that case, a professional exterminator in 1956 discovered and repaired damage to the substructure of the taxpayer's residence caused by a fungus infestation commonly known as "dry rot." The exterminator's inspection of the premises was limited to the substructure. After the repairs and through November 1959, taxpayer, from time to time, personally inspected the substructure of the house. In November 1959, infestation was discovered entirely above the substructure. We held that the taxpayer had failed to prove that the areas first discovered in 1959 to be infested were free of such infestation at the time of the exterminator's inspection *258 in 1956 and that, as a consequence, he had not shown the suddenness necessary to support a deduction in 1959. Compare E. G. Kilroe, supra. Although the instant case involves termite damage and Hoppe involved damage from dry rot, petitioners in both cases failed to prove that the damage did not occur substantially earlier than its discovery, and the decision in Hoppe is controlling in the instant case. In view of our holding, it is unnecessary for us to fix the amount of damage that would have been properly deductible, although our findings show the amount that was in fact paid for repairs required by the termite damage. Section 1.165-7(a)(2)(ii), Income Tax Regs.
Decision will be entered for the respondent. Footnotes
1. SEC. 165. LOSSES. (a) General Rule. - There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise. * * *
(c) Limitation on Losses of Individuals. - In the case of an individual, the deduction under subsection (a) shall be limited to - * * *
(3) losses of property not connected with a trade or business, if such losses arise from * * * casualty, * * *↩