Howard Stacey and Dorothy Stacey v. Commissioner.
Stacey v. Commissioner
Docket No. 4255-69 SC.
United States Tax Court
T.C. Memo 1970-127; 1970 Tax Ct. Memo LEXIS 235; 29 T.C.M. (CCH) 542; T.C.M. (RIA) 70127; May 26, 1970, filed. Morris Shovers, 310 5th St., Racine, Wis., for the petitioners. Matth ew W. Stanley, Jr., and Alan B. Shidler, for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: A deficiency in the amount of $545.57 has been determined by the Commissioner in the income tax of petitioners for the taxable year 1966. The question presented is whether petitioners suffered a casualty loss in that year. Findings of Fact The facts which have been stipulated are found. *236 Howard Stacey and Dorothy Stacey were husband and wife during the tax year 1966 and at the time the petition was filed resided at Racine, Wisconsin. They filed a joint Federal income tax return for the year 1966 with the district director of internal revenue. Milwaukee, Wisconsin. As part of their real property, the petitioners own an entrance road, approximaltely 1,900 feet long, connecting their residence with Five Mile Road. This entrance road was constructed in 1963 at a total cost of approximately $2,590. In 1966, the entire length of the entrance road was resurfaced at a total cost of $1,580.03. On their 1966 Federal joint income tax return, petitioners claimed a deduction from income in the amount of $1,515.52, arising from expenses associated with the cost of repairing the entrance road. The repairs to the entrance road were made necessary by the break-up thereof during March of 1966. The road was originally constructed during 1964 at or about the time the residence of petitioners was being erected. The bed of the road was clay topsoil upon which heavy limestone gravel was placed. After the heavy traffic made necessary for the delivery of building materials for construction *237 of petitioners' home had ceased, a top dressing of light limestone completed the road. In the latter part of March of 1966, "the road started to soften up and it made it extremely hard to get to and from the house" by car and "to the Five Mile Road for a day or so." Shortly thereafter, but still in March, petitioner returned home from work to find the road impassable to his automobile. In fact, it would not support his own weight and wherever pressure was applied to the surface, the underlying clay topsoil would appear on the surface in place of the limestone dressing. The cause of the damage to petitioners' entrance road first arose from the seepage of water through the surface over a period of time. As winter weather progressed, such water alternately froze and melted to some extent, causing the road to "soften up." Winter frost conditions caused the freezing and as the weather gradually warmed, the freezing phase gradually disappeared, until on the occasion when petitioner husband came home from work and found the road impassable, the freezing phase had entirely ceased and the road would no longer carry the weight of a vehicle. Heaving and softening of roads, even of a black-top *238 construction, during the late winter or early spring in the Racine, Wisconsin, area is not an unusual occurrence. There is moisture seepage through the surface of all roads and such moisture in Wisconsin is normally subject to alternate freezing and thawing which has the effect of softening roads in that area to a greater or lesser degree. Petitioner had the road repaired to such a degree that it would withstand the use for which it was intended. He has taken a casualty loss deduction for the cost of such repair and the respondent has disallowed the deduction. Ultimate Finding Damage to petitioners' entrance road was not caused by a sudden unforeseeable event such as fire, storm, or shipwreck. 543 Opinion A deduction for casualty loss is authorized by section 165(c)(3), [1] I.R.C. 1954. The character of such a loss is signified by the statute to be the same as a fire, storm, or shipwreck in that it must occur suddenly and be occasioned by an unforeseen event. William J. Matheson, 18 B.T.A. 674, affd. 54 F. 2d 537 (C.A. 2); Ray Durden, 3 T.C. 1; Leslie C. Dodge, 25 T.C. 1022. *239 The damage to petitioners' service road, while making its ultimate result apparent to petitioners suddenly, is clearly shown by the evidence to have been caused by winter weather conditions which are to be expected in the Racine, Wisconsin, area during a spring thaw. The road did not deteriorate suddenly, but gradually as the alternate freezing and melting of underlying surface water loosened and softened the materials from which it was constructed. In fact, petitioner's testimony indicates clearly that this process had caused him some difficulty in using the road for several days prior to its finally becoming completely unusable. It is also apparent from the record that damage to roads, even of the black-top variety, in greater or lesser degree is not an uncommon or unforeseen occurrence in this area. The damage to petitioner's service road was not caused by a casualty within the meaning of section 165(c)(3). Decision will be entered for the respondent. Footnotes
1. SEC. 165(c) Limitation on Losses of Individuals. - In the case of an individual the deduction under subsection (a) shall be limited to - * * * (3) losses of property not connected with a trade or business, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft. A loss described in this paragraph shall be allowed only to the extent that the amount of loss to such individual arising from each casualty, or from each theft, exceeds $100. For purposes of the $100 limitation of the preceding sentence, a husband and wife making a joint return under section 6013 for the taxable year in which the loss is allowed as a deduction shall be treated as one individual. No loss described in this paragraph shall be allowed if, at the time of filing the return, such loss has been claimed for estate tax purposes in the estate tax return.↩