DONALD MATHEWS AND HELEN MATHEWS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mathews v. Commissioner
Docket No. 12444-79
United States Tax Court
T.C. Memo 1981-492; 1981 Tax Ct. Memo LEXIS 254; 42 T.C.M. (CCH) 1026; T.C.M. (RIA) 81492; September 9, 1981. Alan R. Harter, for the petitioners. Dean H. Wakayama, for the respondent. HALL MEMORANDUM OPINION HALL, Judge: Respondent determined a $ 458 deficiency in petitioners' 1976 tax return. The sole issue is whether petitioners are entitled to a casualty loss deduction for the desiccation of their culinary water well caused by an irrigation well installed on an adjacent property. All of the facts have been stipulated in writing or orally at trial and are found accordingly. Petitioners resided *255 in Cedar City, Utah, when they filed their petition. Petitioners own a home in Iron County, Utah. In 1945 petitioners obtained a permit and drilled a culinary well on their property. The culinary well is the sole source of petitioners' water supply. The water pumped from the well comes from an underground basin or stratum of percolating water that lies beneath the general area in which petitioners reside. In 1968 Union Field Irrigation Company ("Union Field") filed an application with the Department of Natural Resources, State of Utah, to drill an irrigation well on property adjacent to petitioners' residence. Union Field eventually drilled its irrigation well approximately 2,200 feet from petitioners' culinary well. Beginning in 1971, Union Field began to withdraw large quantities of water from its well, which greatly diminished the water flow on petitioners' property and prevented the percolation of a sufficient quantity of water into petitioners' well. Several times between 1971 and 1976, the water level in petitioners' well dropped so low that it was necessary for them to modify the culinary well to keep it functional. Finally, in 1976, petitioners' culinary well went *256 completely dry and became totally useless. In 1976 petitioners spent $ 3,007.23 to drill a new, replacement well on their land. In 1977 petitioners filed suit in the District Court of Iron County against Union Field for recovery of the cost of drilling the new culinary well. [1] The lawsuit culminated in 1980 with petitioners receiving a $ 300 judgment plus costs of $ 322.88. On their 1976 tax return, petitioners deducted $ 2,907.23 as a casualty loss. [2] In his statutory notice, respondent disallowed the entire deduction. The issue is whether petitioners sustained a deductible casualty loss. Petitioners contend that they are entitled to a casualty loss deduction under section 165(c)(3)[3] on account of the desiccation of their culinary *257 well. On the other hand, respondent asserts that petitioners' loss falls outside the ambit of "other casualty" as used in section 165(c)(3) or, alternatively, that the suit filed by petitioners in 1977 constitutes a reasonable prospect of recovery under section 1.165-1(d)(2)(i), Income Tax Regs. We agree with both of respondent's assertions. Section 165(c)(3)[4] speaks of losses arising from "fire, storm, shipwreck, or other casualty * * *." The term "other casualty" is not defined in the Internal Revenue Code nor does the legislative history provide any guidance to its meaning. [5] Consequently, the parameters of the term have evolved judicially. *258 Although the term "other casualty" if taken by itself might be susceptible to a broad interpretation, courts have delimited its scope by applying the doctrine of ejusdemgeneris. [6] Thus, the term "other casualty" has been interpreted to mean "an accident, a mishap, some sudden invasion by a hostile agency; it excludes the progressive deterioration of property through a steadily operating cause." Fay v. Helvering, 120 F. 2d 253 (2d Cir. 1941). [Emphasis added.] Simply stated, it connotes a loss proximately caused by a sudden, unexpected or unusual event. See, e.g., Matheson v. Commissioner, 54 F. 2d 537, 539 (2d Cir.1931); Farber v. Commissioner, 57 T.C. 714, 718 (1972). These limitations comport with the notion that the Internal Revenue Code is not "designed to take care of all losses that the economic world may bestow on its inhabitants." Billman v. Commissioner, 73 T.C. 139, 141 (1979). *259 The facts before us simply do not exhibit the attributes commonly associated with deductible casualty losses. The drying up of petitioners' culinary well resulted from Union Field's tapping into the underground basin feeding petitioners' well and withdrawing substantial amounts of water from that basin. This depletion of petitioners' water supply occurred over a period of five years from 1971 to 1976. In essence, petitioners' loss was due to a "steadily operating cause," i.e., the continuous withdrawal of water by Union Field. See Fay v. Helvering, 120 F. 2d 253 (2d Cir. 1941). Consequently, petitioners are not entitled to the claimed casualty loss. Even if petitioners' loss qualified as a casualty loss, they still would not be entitled to a deduction in 1976. A prerequisite to deducting a casualty loss is that the loss be sustained during the taxable year in issue. Where there exists a claim for reimbursement with respect to which there is a reasonable prospect of recovery, no portion of the loss is sustained until it can be ascertained with reasonable certainty whether or not such reimbursement will be received. Sec. 1.165-1(d)(2)(i), Income Tax Regs. *260 See also Gale v. Commissioner, 41 T.C. 269 (1963). Consequently, where the taxpayer has filed a suit for damages there is usually a reasonable prospect of recovery, and no loss is allowable while the suit is pending. Sec. 1.165-1(d)(2)(i), Income Tax Regs.[7] In the present case, petitioners filed a suit against Union Field in 1977 claiming reimbursement for the cost of their replacement well. Nothing in the record indicates that petitioners' suit was unfounded or frivolous. [8] Accordingly, we refuse to say that the filing of the suit did not represent a reasonable prospect of recovery. Furthermore, petitioners' implicitly concede this issue on brief, wherein they state: [W]hileearly in the proceeding it might have been argued on behalf of Respondent that there was a chance for recovery, this argument has been foreclosed by the pittance awarded by the [district] court and the finality of the court's decision. In essence, the door is closed as to Petitioners, and no further recovery will be possible. *261 [I]t is respectfully submitted tht it has now been ascertained with absolute certainty that reimbursement will not be received. * * * [Emphasis added.] Bearing in mind that the proceeding referred to did not even begin until 1977, it is apparent that a prospect of recovery did exist in 1976. It is this prospect of a recovery and not the actual realization of a recovery which is determinative. To reflect the foregoing, Decision will be entered for the respondent. Footnotes
1. The facts averred in the complaint filed with the court are evidentiary admissions. See McCormick, Law of Evidence (2d ed. 1972), sec. 265; 2 Jones, The Law of Evidence (Gard ed. 1972), sec. 13:40. Consequently, we have incorporated these admissions into our findings of fact.↩
2. This amount represents the $ 3,007.23 expended by petitioners to drill a new culinary well minus the $ 100 limitation provided in section 165(c)(3)↩.
3. All statutory references are to the Internal Revenue Code of 1954, as in effect during the year in issue.↩
4. SEC. 165. LOSSES. (a) GENERAL RULE.--There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise. (c) LIMITATION ON LOSSES OF INDIVIDUALS.--In the case of an individual, the deduction under subsection (a) shall be limited to-- (3) losses of property not connected with a trade or business, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft. * * * ↩
5. For a road map of the legislative history of section 165(c)(3), see Note, The Casualty Loss Deduction and Consumer Expectation: Section 165(c)(3) of the Internal Revenue Code, 36↩ U. Chi. L. Rev. 220 (1968).
6. Ejusdemgeneris is defined as "of the same kind, class, or nature." Black's Law Dictionary 608 (4th ed. 1968). The application of ejusdemgeneris in section 165(c)(3) has not been without its critics. See Golding, The Scope of "Other Casualty": A Rejection of the Rule of Ejusdem Generis, 51 TAXES 525↩ (1973).
7. See also Chandler v. Commissioner, T.C. Memo. 1972-193↩. 8. In fact a judgment was eventually entered for petitioners in 1980.↩