T.C. Summary Opinion 2007-179


UNITED STATES TAX COURT


LAZAR SIMOV KOVACHEVICH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 4480-06S, 4481-06S.    Filed October 24, 2007.


Lazar Simov Kovachevich, pro se.

<u>Patricia A. Rieggar</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  These consolidated cases were heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petitions were filed. Pursuant to section 7463(b), the decisions to be entered are not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise

indicated, subsequent section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies of $4,123 and $13,379 in petitioner's 2002 and 2003 Federal income taxes, respectively. With respect to petitioner's 2002 taxable year, the issues for decision are whether petitioner is entitled to the following: (1) $6,000 in dependency exemption deductions; (2) a $3,800 deduction for alimony; and (3) a $6,905 casualty and theft loss deduction. With respect to petitioner's 2003 taxable year, the issues for decision are whether petitioner is: (1) Entitled to claim a $71,200 loss; and (2) liable for a $2,675.80 accuracy-related penalty under section 6662(a).[1]

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. At the time the petitions were filed, petitioner resided in Flushing, New York.

Petitioner timely filed his 2002 and 2003 Federal income tax returns. On his 2002 tax return, petitioner claimed personal exemption deductions for his two sons who were ages 23 and 25 and full-time students attending European schools. Petitioner also

---

[1] Respondent conceded that petitioner was entitled to a $1,900 moving expense deduction for 2002 and that he did not receive $2,887 as nonemployee compensation in 2003.

claimed a $3,800 alimony deduction, for which he listed his sons' Social Security numbers in the area titled "Recipient's SSN". Lastly, petitioner claimed a $6,905 casualty and theft loss, for which he attached a Form 4684, Casualties and Thefts, to his 2003 tax return. Petitioner's Form 4684 listed the values of various personal and business properties that he alleges were damaged or stolen from his storage shed. Petitioner stored the items from 1998-2002.

On his 2003 return, petitioner claimed a $71,200 casualty and theft loss, for which he had handwritten "Pro Se in Court Proceedings." Similarly, on his Schedule C, Profit or Loss From Business, he claimed the $71,200 as a "legal and professional services" expense, for which he had handwritten "Pro Se (Court). (Three) months for extraordinary writ to be filed in S. Co. U.S. shall appear in 2004 tax return."

## Discussion

The Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer has the burden to prove that the determinations are in error. Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933). But the burden of proof on factual issues that affect a taxpayer's tax liability may be shifted to the Commissioner where the "taxpayer introduces credible evidence with respect to * * * such issue." Sec. 7491(a)(1). The burden will shift only if the taxpayer has

complied with the substantiation requirements and has cooperated with the Commissioner's reasonable requests for witnesses, information, documents, meetings, and interviews. Sec. 7491(a)(2). Petitioner has not alleged or proven that section 7491(a) applies; accordingly, the burden remains on him to show that he is entitled to the claimed deductions.

A. 2002 Taxable Year

I. Dependency Exemption Deduction

Section 151(c), in pertinent part, allows a taxpayer to claim as a deduction the exemption amount for each individual who is a "dependent" of the taxpayer as defined in section 152 and who is the taxpayer's child and satisfies certain age requirements.[2]

In pertinent part, section 152(a) defines "dependent" to include the taxpayer's son who either received or is treated as receiving over half of his support from the taxpayer for the calendar year in which the taxpayer's taxable year begins. Section 152(b) excepts from the definition of "dependent" any individual who is not a U.S. citizen or national unless the individual is a resident of the United States or of a country contiguous to the United States. The term "resident of the

---

[2] The child has not attained the age of 19 or is a student who has not attained the age of 24 at the close of the calendar year in which the taxable year of taxpayer begins. Sec. 151(c)(1)(B).

United States" is defined as an individual who: (1) Is a lawful permanent resident of the United States at any time during the calendar year; (2) meets the substantial presence test (i.e., present in the United States at least 31 days during the calendar year and the total of the number of days that the individual was present during the calendar year and the 2 preceding years equals or exceeds 183 days when multiplied by the applicable multiplier); or (3) makes a first-year election as prescribed by section 7701(b)(4). Sec. 7701(b)(1).

The Court concludes that petitioner is not entitled to either dependency exemption deduction. The oldest son had already attained the age of 24 before petitioner's 2002 taxable year began, which excludes the son from the definition of a dependent. Petitioner merely testified that he thought that his younger son came to the United States in the middle of the year or at the end of June after school. Petitioner did not establish the residency of his younger son to bring him within the definition of a dependent. Given the disposition of this issue on these elements, we need not discuss the other elements. Accordingly, respondent's determination is sustained.

## II. Alimony Deduction

Section 215(a) allows a deduction for alimony paid during the taxable year. Generally, alimony is defined to include any payment in cash if: (1) The payment is received by or on behalf

of a spouse under a divorce or separation instrument; (2) the instrument does not designate the payment as a payment that is not includable in the recipient's gross income and not allowable as a deduction to the payor; (3) the payee and payor are not members of the same household at the time of payment; and (4) there is no liability to make any payments after the payee's death. Secs. 71(b), 215(b).

Because petitioner offered no evidence to show that the payments were made under a divorce or separation instrument, the payments do not constitute alimony, and he is not entitled to the deduction. See Prince v. Commissioner, 66 T.C. 1058, 1067 (1976); Herring v. Commissioner, 66 T.C. 308, 311 (1976); Clark v. Commissioner, 40 T.C. 57, 58 (1963). Given the disposition of this issue on this element, we need not discuss the other elements. Accordingly, respondent's determination is sustained.

III. Casualty Loss

Section 165(a) allows a deduction for any loss sustained during the taxable year and not compensated for by insurance or otherwise. With respect to individuals, deductions for losses are limited to losses: (1) Incurred in a trade or business; (2) incurred in a transaction for profit; or (3) of property not connected with a trade or business or a transaction entered into for profit, if the losses arise from fire, storm, shipwreck, or other casualty, or from theft. Sec. 165(c). In order for the

loss to be deductible, the loss must be evidenced by closed and completed transactions, fixed by an identifiable event, and actually sustained during the taxable period year. See sec. 1.165-1(b), Income Tax Regs. Case law has defined the term "casualty" to include an event that is "due to some sudden, unexpected, or unusual cause" similar in nature to a fire, storm, or shipwreck. Matheson v. Commissioner, 54 F.2d 537, 539 (2d Cir. 1931), affg. 18 B.T.A. 674 (1930); see Rosenberg v. Commissioner, 198 F.2d 46, 49 (8th Cir. 1952), revg. 16 T.C. 1360 (1951).

Petitioner testified that his $6,905 casualty and theft loss deduction was for damages sustained to his personal and business properties from raccoons, birds, vandals, and thieves. On his Form 4684, petitioner represented that the storage shed was "built of wood material with a 1 foot high opening all along the wall" below the roof and that he had insisted that the owner close the opening of the wall, but the owner never did. Petitioner testified that some of the damage was due to vandals in either 2000 or 2001. With respect to the vandalism, the damages were not sustained in the 2002 taxable year; therefore, they are not deductible.

Generally, a loss arising from theft is treated as sustained "during the taxable year in which the taxpayer discovers such loss." See sec. 165(e); secs. 1.165-1(d)(3), 1.165-8(a)(2),

Income Tax Regs. The amount of the deductible loss is limited to the lower of: (1) The fair market value of the property immediately before the theft reduced by its fair market value immediately after the theft (i.e., zero); or (2) its adjusted basis, and if the property was used in a trade or business or for the production of income and the fair market value of the property immediately before the theft is less than its adjusted basis, then its adjusted basis is treated as the amount of the loss. See secs. 1.165-7(b)(1), 1.165-8(c), Income Tax Regs. And with respect to property that is neither used in a trade or business nor for the production of income, the amount of the loss is limited to that portion of the loss that is in excess of $100. See sec. 1.165-8(c), Income Tax Regs. Petitioner must establish, inter alia, both the existence of a theft and the amount of the claimed theft loss. See Elliott v. Commissioner, 40 T.C. 304, 311 (1963).

In his Form 4684, petitioner failed to identify specifically the items of property that he alleges were stolen. Petitioner also failed to establish the year that he discovered the theft. He merely stated, in his Form 4684, that "Probably somethings were stolen" when his storage shed was vandalized in 2001, and at trial, he merely testified that "Somebody took" the 5,500 square feet of marble he had stored. Finally, petitioner failed to prove the amount of his loss by establishing the lower of the

properties' adjusted bases (i.e., by receipts) or their fair market values immediately before the loss.  Therefore, petitioner is not entitled to a deduction for a theft loss.

Generally, damages resulting from animals and insects are not deductible because they occur not from a sudden event but rather gradually over time, unless it can be shown that the destruction was occasioned by a sudden invasion that occurred in a relatively short time (i.e., 1-3 months or 1 year).  Cf. Rosenberg v. Commissioner, supra at 50; Fay v. Helvering, 120 F.2d 253 (2d Cir. 1941), affg. 42 B.T.A. 206 (1940); United States v. Rogers, 120 F.2d 244, 246 (9th Cir. 1941).

The destruction of petitioner's properties that was caused by animals' entering the wall's opening is not a type of "sudden, unexpected, or unusual cause" within the definition of a casualty.  Without evidence to the contrary, the Court surmises that petitioner's damages were not occasioned by a sudden invasion of raccoons and birds within a short period of time but rather occurred gradually over time (i.e., from 1998-2002). Additionally, the damages resulting from the inadequacy of the structure are neither unexpected nor unusual.  Therefore, they are not deductible, and accordingly, respondent's determination is sustained.

B. 2003 Taxable Year

I. $71,200 Loss

In general, a taxpayer's "loss of time" or "value of his time" is not deductible as a casualty loss or otherwise.  Cf. Pfalzgraf v. Commissioner, 67 T.C. 784 (1977) (stating that in using a valuation method to compute a loss for purposes of section 165, the value of a person's "loss of time" cannot be included in the computation); Wilhelm v. Commissioner, T.C. Memo. 1991-513 (disallowing a taxpayer's "time spent" handling an estate from his net operating loss computation); O'Connor v. Commissioner, T.C. Memo. 1981-151 (disallowing a taxpayer's deduction for the uncompensated "value of his time" as a classroom expense and a job-related expense).  The disallowance of a claimed deduction arising from the taxpayer's loss of time or the value thereof results from the fact that he has not included any amount in gross income, and therefore, he has no tax cost basis in the item that he can deduct.  See Hutcheson v. Commissioner, 17 T.C. 14, 19 (1951).

Petitioner testified that his itemized deductions represented, in part, a $71,200 casualty or damages for his time fighting crime and criminals and defending himself and his business pro se in the courts against the Government.  Petitioner concluded that since attorneys are paid "when [they] practice in the court," he too should be similarly compensated or rewarded

for his pro se appearances.  Petitioner is claiming a deduction for his loss of time or the value thereof, and he is not entitled to it.  Accordingly, respondent's determination is sustained.

II. <u>Accuracy-Related Penalty</u>

Initially, the Commissioner has the burden of production with respect to any penalty, addition to tax, or additional amount.  Sec. 7491(c).  The Commissioner satisfies this burden of production by coming forward with sufficient evidence that indicates that it is appropriate to impose the penalty.  See <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446 (2001).  Once the Commissioner satisfies this burden of production, the taxpayer must persuade the Court that the Commissioner's determination is in error by supplying sufficient evidence of reasonable cause, substantial authority, or a similar provision.  <u>Id.</u>

In pertinent part, section 6662(a) imposes an accuracy-related penalty equal to 20 percent of the underpayment that is attributable to:  (1) Negligence or disregard of the rules or regulations; or (2) a substantial understatement of income tax.  Section 6662(c) defines the term "negligence" to include "any failure to make a reasonable attempt to comply with the provisions of this title", and the term "disregard" to include "any careless, reckless, or intentional disregard."  In interpreting section 6662, this Court has defined the term "negligence" as a "'lack of due care or the failure to do what a

reasonable and ordinarily prudent person would do under the circumstances'".  Freytag v. Commissioner, 89 T.C. 849, 887 (1987) (quoting Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967), affg. on this issue 43 T.C. 168 (1964) and T.C. Memo. 1964-299), and citing Zmuda v. Commissioner, 731 F.2d 1417, 1422 (9th Cir. 1984), affg. 79 T.C. 714 (1982)).  If a "taxpayer fails to make a reasonable attempt to ascertain the correctness of a deduction, credit or exclusion on a return which would seem to a reasonable and prudent person to be 'too good to be true' under the circumstances", then there is a strong indication of negligence.  Sec. 1.6662-3(b)(1)(ii), Income Tax Regs.

Section 6664(c)(1) is an exception to the section 6662(a) penalty:  no penalty is imposed with respect to any portion of an underpayment if it is shown that there was reasonable cause therefor and the taxpayer acted in good faith.  Section 1.6664-4(b)(1), Income Tax Regs., incorporates a facts and circumstances test to determine whether the taxpayer acted with reasonable cause and in good faith.  The most important factor is the extent of the taxpayer's effort to assess his proper tax liability.  Id.  "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of * * * the experience, knowledge and education of the taxpayer."  Id.

The Court concludes that respondent has met his burden of production and that petitioner failed to persuade us that the determination was in error.  The Court finds that petitioner was negligent because he failed to make a reasonable attempt to ascertain the correctness of his deduction since he merely testified, without more, that he thought he should be compensated for his pro se work in the courts:  "somebody has to pay this.  It is damage.  It is a casualty."  Because petitioner failed to make a reasonable attempt to ascertain the correctness of his deduction, he cannot establish a reasonable cause and good faith defense.  Accordingly, respondent's determination is sustained.

To reflect the foregoing,

> Decision will be entered for respondent in docket No. 4480-06S, and decision will be entered under Rule 155 in docket No. 4481-06S.