CHARLES J. FAY AND EMILY I. FAY, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 97377. Promulgated June 25, 1940.

*William E. Matthews, Esq.*, for petitioners.
*J. Richard Riggles, Jr., Esq.*, for the respondent.

OPINION.

MURDOCK: The Commissioner determined a deficiency of $1,740.29 in the income tax of the petitioners for the calendar year 1935. The only issue for decision is whether or not a loss resulting from damage

to the residence of the petitioners caused by termites is deductible under section 23 (e) (3) of the Revenue Act of 1934. The Board adopts the stipulation of the parties as its findings of fact.

The petitioners reside at Dongan Hills, Staten Island, New York. They completed the construction of their residence there about December 10, 1913. Two frame porches were attached to the residence. The petitioners discovered in September 1935 that termites had destroyed the columns and horizontal beams which supported the roofs of the porches. This damage rendered the porches unsafe and all material forming a part of the porches had to be burned. The amount of the loss has been stipulated. The parties have included in their stipulation two bulletins issued by the Department of Agriculture on the subject of damage by termites.

Section 23 (e) (3) of the Revenue Act of 1934 allows a deduction for losses sustained during the taxable year and not compensated for by insurance or otherwise of property not connected with the trade or business, "if the loss arises from fire, storms, shipwreck, or other casualty, or from theft." The petitioners contend that the rule of *ejusdem generis* should not be applied. The Board has held otherwise. *Fred J. Hughes*, 1 B. T. A. 944; *Daniel F. Ebbert*, 9 B. T. A. 1402. The petitioners further contend that their loss was sudden, unusual, and unexpected, and was in nowise the result of conscious human design. They argue that the possibility of prevention is no more important here than it would be in the case of a fire or a shipwreck. The purpose of Congress, they say, was to permit deductions for damage to property due to any serious accident from causes external to the owner. The respondent contends that the word casualty, as used in the above provision, means something which happened suddenly and by accident, not to be forseen or guarded against.

The only case directly in point which has come to our attention is that of *Betty Rogers et al., Executors of the Estate of Will Rogers, Dec'd* v. *United States*. The oral opinion (Sept. 20, 1939), and the findings of fact and conclusions of law in that case (Oct. 9, 1939, U. S. Dist. Ct., S. Dist. Calif., Central Division), are reported at paragraph 9792, 1939 C. C. H. Federal Tax Service. The court there pointed out that the destructive process of termites is slow and has no element of casualty about it. Damage from a frozen water pipe is not due to casualty. *Samuel Greenbaum*, 8 B. T. A. 75. Another case somewhat analogous is that of *William J. Matheson*, 18 B. T. A. 674; affd., 54 Fed. (2d) 537. Matheson contended that the concrete casing of piles supporting his residence was washed away by unusual storms and tides, the piles became exposed, eaten by worms, and weakened, and the resulting damage to his house was a loss from casualty. The Board discussed various definitions of the word casualty

and concluded that casualty "connotes the effect of some sudden and destructive force resulting in loss." The Board held that the petitioner was not entitled to a deduction for loss from casualty because the damage was due to the rusting and corroding of improperly protected reinforced steel used in the construction of the building. The following definitions of casualty are given in Funk and Wagnalls New Standard Dictionary, 1935 Edition:

1. A fatal or serious accident or disaster; accidental death or disablement; as, a casualty at a fire. 3. That which occurs by chance; chance. 4. *Law.* Inevitable accident; an event not to be foreseen or guarded against.

The synonyms given are accident and hazard.

The contention of the petitioner does not fail to find some support in the definitions and authorities on the meaning of this word. The element of chance is present. The attack was unexpected and somewhat unusual. No human agency contributed to it. The pamphlets issued by the Department of Agriculture indicate, however, that damage by termites may be prevented by proper construction. Cf. *William J. Matheson, supra.* The attack was not in the nature of an inevitable accident which could not be foreseen or guarded against successfully. The destructive process was slow. We conclude, but not without some doubt, that the loss here in question did not result from a casualty within the meaning of that term as used by Congress in section 23 (e) (3).

*Decision will be entered for the respondent.*