CLEOPHUS L. KENNEDY AND WANDA L. KENNEDY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kennedy v. Commissioner
Docket No. 308-72
United States Tax Court
T.C. Memo 1974-121; 1974 Tax Ct. Memo LEXIS 200; 33 T.C.M. (CCH) 577; T.C.M. (RIA) 74121; May 9, 1974, Filed. Elijah W. Ratcliff, for the petitioners. Robert Jones, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent has determined a deficiency in petitioners' Federal income tax for the taxable year ending December 31, 1970 in the amount of $3,790.35. Although there have been numerous concessions by both parties there remain several issues for *202 our determination. The issues concern the correctness of deductions taken by petitioner for: (1) "Away from home" expenditures, (2) child care expenses and insurance premiums claimed as medical expenditures, and (3) an alleged loss on petitioners' former residence. FINDINGS OF FACT General Some of the facts have been stipulated and are found accordingly. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. The petitioners Cleophus L. Kennedy and Wanda L. Kennedy (hereinafter petitioners or individually as Mr. Kennedy or Mrs. Kennedy) are husband and wife who maintained a residence in Houston, Texas, when the petition herein was filed. They filed a joint Federal income tax return for the calendar year 1970 with the district director of internal revenue in Dallas, Texas. I. "Away From Home" Expenditures FINDINGS OF FACT Throughout 1970, both petitioners worked in Houston, Texas. Mr. Kennedy was employed as a pharmacists approximately forty hours per week at Globe Pharmacy. Mrs. Kennedy was employed as a registered nurse at the M.D. Anderson Hospital and Cancer and Tumor Institute of the University of Texas. She *203 worked forty hours per week until February of 1970, at which time she began working twenty-four hours per week. Petitioners were not required by their employment to incur, nor did either one of them incur, any unreimbursed travel or entertainment expenses on behalf of their respective employers. Although both petitioners were employed in Houston, and maintained a home there, the address they reported as their domicile on their federal income tax return for the year 1970 was located in Kilgore, Texas. It appears that petitioners regarded Kilgore, rather than Houston, as their domicile becuase of Mr. Kennedy's upbringing with his grandmother who maintained a residence in that locale, and an interest on his part in opening a pharmacy there. Pursuant to the petitioners' belief that Kilgore was their domicile, they claimed the costs of maintaining the family in Houston as deductions for housing and board "away from home" on their Federal income tax return for the year 1970. Respondent, in his statutory notice of deficiency dated November 22, 1971, disallowed, among other things, petitioners' claimed "away from home" business expenditures. [1]
*204 OPINION Petitioners have claimed a deduction for housing and board expenditures in Houston, as "away from home" business expenses pursuant to section 162(a) (2) of the Internal Revenue Code of 1954. 1A Petitioners essentially argue that notwithstanding the fact that they both worked and resided in Houston, they nevertheless regarded their domicile as Kilgore. Petitioners therefore contend that their housing and board expenditures in Houston come within the provisions of section 162(a) (2) and that they are entitled to the appropriate deductions. Respondent, on the other hand, maintains that for Federal income tax purposes petitioners' place of abode was Houston, rather than Kilgore, and that the claimed expenses do not qualify under section 162(a) (2) as traveling expenses incurred while away from home in the pursuit of a trade or business, but rather are nondeductible "personal, living, or family expenses" within the meaning of section 262. We agree with respondent's analysis. For Federal income tax purposes, the taxpayer's principal place of employment is his "home", *205 not what location he regards as his personal residence, if the two are situated in different localities. Ronald D. Kroll, 49 T.C. 557 (1968). Therefore, we think it clear that petitioners were not "away from home" within the purview of section 162(a) (2) when residing in Houston. Accordingly, we hold that petitioners may not deduct the housing and board expenditures [2] they have claimed as "away from home" business expenses. [3]
II. Child Care Expenses and Insurance Premiums FINDINGS OF FACT During the year 1970, while both parents were employed, petitioners' child, Cleophus, Jr., attended the child care facilities of Texas Medical Center and Child Care Center. The child care center was operated by the University of Texas Medical Center for the benefit of the employees of the hospital so that *206 such employees with children could maintain employment. The child care center provided no medical services, only child care facilities. Petitioners, on their 1970 Federal income tax return, claimed as a medical expense the amount of $837.03. [4] This amount represents the cost of maintaining Cleophus, Jr., at the child care center noted above. No part of the claimed deduction represents payments made for medical care. On their return for the year 1970 petitioners also claimed as medical expenses amounts paid as premiums for life insurance and disability insurance. The premiums were paid to the American National Insurance Company and The Prudential Insurance Company of America. The coverage afforded by the insurance policies did not include health insurance coverage. Respondent, in his statutory notice of deficiency, has disallowed petitioners' claims for both child care expenses and insurance premiums paid. OPINION Section 213(a) provides a deduction for the amount paid by a taxpayer for medical care which exceeds 3 percent *207 of his adjusted gross income. The term "medical care" is defined by section 213(e) (1) (A) as "for the diagnosis, cure, mitigation, treatment, or prevention of disease * * *." We think it clear that petitioners' payments to the child care center were not for "medical care" as that term is defined above, but rather, covered the cost of Cleophus, Jr. attending the child care center, thereby enabling Mrs. Kennedy to be gainfully employed as a registered nurse. Accordingly, we hold such payments to be nondeductible "personal, living, or family expenses" under section 262. [5]
The premiums paid by petitioners for life insurance and disability insurance and claimed as medical expenses are similarly nondeductible personal expenditures. Section 213 provides a deduction for premiums paid on insurance *208 which covers "medical care". Section 213(a) (2) and section 213(e) (1) (C). However, the insurance policies in question here do not provide coverage for "medical care" as defined in section 213(e) (1) (A). Therefore we hold the premiums to be nondeductible personal expenditures. See section 213(e) (2) and section 262. [6]
III. Loss on Former Residence FINDINGS OF *209 FACT [7]
During 1966 Mr. Kennedy and a previous wife purchased a residence at 5250 Pomander, Houston, Texas for the amount of $14,700. The home was used as a personal residence by Mr. Kennedy until the early part of 1969 when it was sold to Jeanette Barnes (Barnes). [8]
Barnes was unable to maintain her mortgage payments, and sometime prior to June 25, 1969, the United Mortgage Servicing Corporation repossessed the property. The foreclosure resulted in an unsatisfied lien which the mortgage company attempted to collect on from Mr. Kennedy. [9]
Throughout 1970 the residence at 5250 Pomander was occupied without compensation to petitioners, nor with notice to them that the property was being occupied. On their 1970 Federal *210 income tax return, petitioners reported a loss attributable to the property at 5250 Pomander in the amount of $7,500. Respondent has disallowed this loss. OPINION Petitioners allege a loss in the amount of $7,500 attributable to the property located at 5250 Pomander, Houston, Texas, deductible under the provisions of either section 165, section 162 or section 212. We find no basis for petitioners' claim. The burden of proving that they are entitled to deduct the alleged loss rests with the petitioners. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. They have failed miserably in this regard. Petitioners have not shown that they have satisfied any of the requisites that might entitled them to deduct the alleged loss. Initially, petitioners have failed to show any positive proof of ownership of the property in question in the year 1970. This Court in Cleophus L. Kennedy, T.C. Memo. 1973-15, involving the same taxpayer and the same piece of property as the instant case, found that: "The mere fact that the mortgage company asserted a claim against petitioners for the balance remaining unpaid following *211 repossession of the property from Barnes does not show that the property was owned by petitioners * * *" in 1969. Petitioners have presently offered no more convincing evidence that they maintained ownership of the property in the year 1970 than was presented this Court for the year 1969 and we see no reason to hold differently. Moreover, petitioners have failed to show that $7,500 is the correct amount of the alleged loss, nor have they shown the circumstances which resulted in the loss. We have not been informed of whether the loss occurred as a result of a casualty as that term is described in section 165(c) (3), see also Fay v. Helvering, 120 F.2d 253 (C.A. 2, 1941), affirming per curiam, 42 B.T.A. 206 (1940), or as a result of a foreclosure in 1970, which would constitute a sale or exchange, see Helvering v. Hammel, 311 U.S. 504 (1941), or resulted from an outright sale. [10] In short, petitioners have failed to carry their burden of proving that they are entitled to a deduction for the alleged loss and we hold for respondent on this issue accordingly. [11]
*212 To reflect concessions by both parties, Decision will be entered under Rule 155. Footnotes
1. Certain amounts included in petitioners' alleged "away from home" expenses were attributable to interest and taxes paid in 1970 to the Holland Mortgage and Investment Corporation for petitioners' residence located in Houston. Respondent has conceded that the interest and tax payments are deductible by petitioners under the provisions of section 163 and section 164, respectively, IRC of 1954. ↩
1A. All section references are to the IRC of 1954, unless otherwise specified. ↩
2. Petitioners have also claimed various other personal expenditures on their Federal income tax returns. For the same reasons as indicated in the body of this opinion, these personal expenditures are likewise not deductible under the provisions of section 162(a) (2)↩ as "away from home" expenses. 3. See also Cleophus L. Kennedy, T.C. Memo. 1973-15↩. 4. This amount includes $581.50 which was originally included on petitioners' Federal income tax return under the heading "Other Deductions". ↩
5. We recognize that these expenses represent child care expenses which could be deductible under the provisions of section 214. However, for the year in question, section 214 imposes limitations on the deductibility of child care expenses in relation to adjusted gross income. Petitioners have not shown their adjusted gross income to be within these limitations. See section 214(b) (2) (B). ↩
6. Petitioners argue on brief that the expenditures for insurance are deductible to the extent that they were experimental in nature under the provisions of section 174. We find this argument to be frivolous. Petitioners have shown no relationship between the expenditures for insurance and the topic of section 174, "Research and Experimental Expenditures," nor have we been able to find one. Additionally, petitioners appear to argue that the expenditures for child care and insurance are deductible as business expenses under section 162. We find petitioners' argument to be without merit. Petitioners have offered no evidence as to why these expenses should be treated as anything other than nondeductible personal expenses within the meaning of section 262. See also Cleophus L. Kennedy, supra.↩
7. The factual background for this issue is meager. We have derived the facts from this Court's opinion in Cleophus L. Kennedy, supra↩, and the evidence adduced at trial, yet we are still unsure of what has transacted to bring this matter before us. 8. We have not been presented with the terms of the sale. ↩
9. We are unaware of what resulted from the mortgage company's attempt to collect on the unsatisfied lien from Mr. Kennedy. ↩
10. If in fact a foreclosure or sale did occur, for petitioners to be entitled to a deduction for the alleged loss, they would still have to prove that the former residence of Mr. Kennedy had been converted to business use. See sec. 1.165-7(a) (5) and 1.165-9, Income Tax Regs.↩
11. On petitioners' Federal income tax return for 1970 a deduction was claimed for entertainment expenses.At trial petitioners conceded that no expenses of this sort were justified. However, on brief, we have been given the impression that petitioners are contesting respondent's disallowance of these expenses. If so, the expenses are disallowed. We have been presented with no evidence that would entitle petitioners to claim any expenditures for entertainment. ↩