LAUREN WHITING and ALICE WHITING, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Whiting v. Commissioner
Docket No. 7284-73.
United States Tax Court
T.C. Memo 1975-38; 1975 Tax Ct. Memo LEXIS 332; 34 T.C.M. (CCH) 241; T.C.M. (RIA) 750038; February 27, 1975, Filed Lauren Whiting and Alice Whiting, pro se. John D. Steele, Jr., for the respondent. FORRESTER
MEMORANDUM FINDINGS OF FACT AND OPINION FORRESTER, Judge: Respondent has determined a deficiency of $1,005.47 in petitioners' 1971 Federal income taxes. Because of concessions by both parties, the only issue remaining for our decision is whether or not petitioners are entitled to a casualty loss deduction for damage to the walls and ceiling of a house caused by the leaking of water through the *333 roof of such house. Some of the facts have been stipulated and are so found. Petitioners Lauren C. (hereinafter referred to as petitioner) and Alice T. Whiting are husband and wife who, at the time of the filing of the petition herein, resided in Clarence, New York. They filed their 1971 joint Federal income tax return on the cash basis with the district director of internal revenue, Buffalo, New York. In 1947, petitioner and his former spouse purchased a home in Akron, New York. Sometime in the period 1959 to 1961, petitioner completed an addition to such house. The roof built on such addition was a so-called "wet roof"--a flat roof designed to be covered at all times by approximately four inches of water. In approximately 1961, petitioner and his former spouse were divorced. As a part of the divorce decree, petitioner was given full title to the house, but his former wife was allowed to continue living in the house with the couple's children. Petitioner was required by the decree to pay one-half of the maintenance costs of the house, including, apparently, any mortgage payments. In 1969, petitioner was told by one of his children living in the Akron home that water was *334 beginning to leak through the living room ceiling of such home. After further investigation, petitioner discovered that the wet roof above the living room ceiling--the roof which had been put on in the 1959-1961 period--was leaking water, causing a gradual accumulation of water in and above the ceiling structure. The water pressure building up on the ceiling was causing a sagging of the ceiling, and consequent damage to the supporting walls. To temporarily remedy the problem, petitioner altered the design of the roof so that it would drain, and the leakage was substantially reduced because of this alteration. At the same time, petitioner put a new ceiling over the living room. In 1971, petitioner replaced the roof then on the home with the more conventional hip-style roof. He also hired a contractor to repair the still remaining damage to the ceiling and walls of the living room, as well as to perform certain other unrelated work on the house. Out of the total amount paid to the contractor for his efforts, $1,800 is allocable to the work on the ceiling and walls in the living room. On his 1971 return, petitioner deducted this $1,800 amount as a casualty loss, a deduction which *335 respondent has disallowed in full. OPINION Pursuant to section 165(c)(3) of the Internal Revenue Code, individuals are allowed deductions for "losses of property not connected with a trade or business, if such losses arise from fire, storm, shipwreck, or other casualty." It is petitioner's contention that the damage to the walls and ceiling of the Akron home was caused by "other casualty," that is, according to petitioner, the gradual buildup of water pressure on the ceiling because of the leakage through the roof. We cannot agree with petitioner. The term "casualty" in section 165(c)(3) has been consistently defined by the courts as an "accident, a mishap, some sudden invasion by a hostile agency. It excludes the progressive deterioration of property through a steadily operating cause." Fay v. Helvering,120 F. 2d 253 (C.A. 2, 1941), affirming 42 B.T.A. 206 (1940); Ray Durden,3 T.C. 1, 3-4 (1944); Clinton H. Mitchell,42 T.C. 953, 971-2 (1964); 5 Mertens, Law of Federal Income Taxation, sec. 28.57, pp. 254-6. In the instant case, all petitioner has shown is that the gradual buildup of *336 water pressure on the ceiling resulted in the damage to the ceiling and walls. Petitioner seems to think that because the damage to the ceiling was discovered by him, in some sense "suddenly" in 1969, that a casualty loss has been sustained. What he has failed to show, however, is that the cause of the damage--the leakage through the roof and gradual increase in pressure on the ceiling--were not causes which operated gradually over a period of time. The particular roof in question was installed approximately 10 years before the damage was noticed, and it simply cannot be determined from the record before us when the leakage in the roof and consequent accumulation of water in and over the ceiling actually began to occur, and over how long a period of time. [1] Thus, we hold that petitioner has not suffered losses due to casualty as that term is used in section 165(c)(3). [2]
*337 Decision will be entered under Rule 155.
Footnotes
1. These facts clearly distinguish this case from that presented in Rev. Rul. 70-91, 1970-1 C.B. 37↩. In that ruling a water heater burst causing extensive damage to the taxpayer's household goods. While it was held by the Commissioner that the damage to the heater was nondeductible, because such damage had resulted from a gradual deterioration of the structure of the heater, the taxpayer was allowed to deduct as a casualty loss the damage to his household items. For that damage had been caused by a casualty, i.e. the sudden bursting of the heater. 2. Our disposition of this case makes it unnecessary for us to rely on an equally valid reason for disallowing the deductions herein, that the losses, if caused by a casualty, could only be deducted in the year such were sustained. Such year is clearly not 1971, at which time, two years after the damage was noticed, petitioner made the repairs, the cost of which he is attempting to deduct.↩