RICHARD W. CARLSON AND CAROL J. CARLSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Carlson v. Commissioner
Docket No. 2857-79.
United States Tax Court
T.C. Memo 1981-702; 1981 Tax Ct. Memo LEXIS 41; 43 T.C.M. (CCH) 73; T.C.M. (RIA) 81702; December 10, 1981. *41 Held, the collapse of a well on petitioners' property was not a "casualty" within the meaning of section 165(c)(3). Timothy W. Mahoney, for the petitioners. Jeannette A. Cyphers, for the respondent. IRWIN
MEMORANDUM FINDINGS OF FACT AND OPINION IRWIN, Judge: Respondent determined a deficiency of $ 1,189 in petitioners' Federal income tax for 1975. After concessions by the parties, the sole issue remaining for our *42 decision is whether petitioners are entitled to a casualty loss deduction under section 165(c) [1] for the collapse of a well. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners were residents of Richland, Washington, at the time the petition was filed in this case. Petitioners timely filed their 1975 joint Federal income tax return with the Fresno Service Center in Fresno, California. During the 1975 taxable year petitioners owned a house in Enumclaw, Washington, which they had purchased in 1968. The previous owner, Virgil Milleran, had hand dug a well on this property in 1964 or 1965. The well was approximately 28 feet deep and was constructed by placing hand-cut timber cribbing around the inside of the well hole. The useful life of such timbers was approximately 10 years. A deep well jet pump with a one-horsepower motor and 1-1/4 inch plastic pipe were used to provide water to *43 the house. The well is located near a lake in an area well-watered by underground and surface waters. The well collapsed and ceased providing water to the house on or about February 25, 1975. It has never been replaced. On their 1975 Federal income tax return petitioners claimed a casualty loss deduction of $ 2,250 [2] relating to the collapse of the well. In the notice of deficiency dated December 15, 1978, the Commissioner disallowed the deduction on the basis that the petitioners had not established the amount of their loss. OPINION The issue for our decision here is whether the collapse of a well on petitioners' property qualifies as a casualty loss within the meaning of section 165 and, if so, the amount of such loss. Section 165(a) states the general rule that "[t]here shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise." In the case of an individual taxpayer, however, the deductibility of personal losses are limited to those arising from "fire, *44 storm, shipwreck, or other casualty, or from theft." Section 165(c)(3). Respondent contends on brief that the collapse of the well was not a "casualty" within the meaning of section 165(c)(3) but rather was the result of progressive deterioration of the supporting timbers. We note initially that, contrary to the general rule, the burden of proof as to whether a "casualty" in fact occurred is on the respondent in this case. [3]Rule 142(a), Tax Court Rules of Practice and Procedure.
*45 The term "casualty" generally refers to an identifiable event that is sudden, unexpected, or unusual, similar in nature to a fire, storm, shipwreck, or theft. Durden v. Commissioner, 3 T.C. 1 (1944). It does not include the progressive deterioration of property through a steadily operating cause. Fay v. Helvering, 120 F.2d 253 (2nd Cir. 1941), affg. 42 B.T.A. 206 (1940). The parties agree that the collapse of the well in 1975 was sudden, resulting in immediate and complete cessation of the water supply to petitioners' house. Respondent notes that the law of gravity would preclude anything other than a sudden collapse but argues that the determinative issue is not whether the damage was sudden but rather whether the cause of the well collapse was sudden. We agree. Petitioners' well was dug by hand by the previous owner of the property in either 1964 or 1965 and ceased functioning in February of 1975. Respondent's expert witness, George Neary, an engineer employed by the Internal Revenue Service, examined the well and testified that the sides of the well were supported by hand-hewn timber cribbing. He further testified that *46 the well is located in the area well-watered by both ground and surface waters and that the supporting timbers would begin to deteriorate immediately upon placement in the ground. It was Mr. Neary's opinion that this timber cribbing would support the sides of the well for approximately 10 years. Based on his examination of the well he concluded that the cause of its collapse was a fracture of the supporting timbers which was due to their progressive deterioration. We found Mr. Neary's testimony persuasive and, in the absence of any contradictory evidence as to the cause of the collapse, we find that respondent has sustained his burden of proof. Accordingly, we hold that the collapse of petitioners' well was caused by the gradual deterioration of its supporting timbers and not by a casualty within the meaning of section 165(c)(3). [4]
Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year at issue.↩
2. Petitioners' estimate of the cost to duplicate the well was $ 2,250. At trial Mr. Carlson estimated the cost of replacement to be $ 2,600.↩
3. The notice of deficiency in the instant case states only that the casualty loss deduction was disallowed because petitioners had not established the amount of their loss. No alternative theory is raised by respondent in his pleadings. In her opening statement and on brief, however, respondent's representative argues that the collapse of the well was not due to a casualty but rather was the result of gradual deterioration. This Court ordinarily will not decide issues which are different from or inconsistent with the statutory notice of deficiency unless they are raised in the pleadings. See Fox Chevrolet, Inc. v. Commissioner, 76 T.C. 708, 733-736 (1981). The purpose of this rule is to afford the taxpayer an adequate opportunity to prepare for trial. However, counsel for petitioners made no objection to the introduction of this alternative theory, presented evidence on this issue at trial and addressed the argument (albeit summarily) on brief. Under these circumstances we cannot say that petitioners were taken by surprise by respondent's reliance on this alternate theory and thus we will not disregard it in deciding the case. Nat Harrison Associates, Inc. v. Commissioner, 42 T.C. 601, 617 (1964). Nevertheless, because this theory did not appear in the notice of deficiency respondent must bear the burden of proof. See Schuster's Express, Inc. v. Commissioner, 66 T.C. 588, 593 (1976); Estate of Horvath v. Commissioner, 59 T.C. 551 (1973); Sorin v. Commissioner, 29 T.C. 959 (1958), affd. per curiam 271 F.2d 741↩ (2nd Cir. 1959).
4. Because we have found that petitioners' sustained no deductible casualty loss relating to the collapse of their well we need not determine the amount of loss substantiated by the petitioners.↩