DOUGLAS W. AND MARIE M. FORREST, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Forrest v. Commissioner
Docket No. 22012-80.
United States Tax Court
T.C. Memo 1983-177; 1983 Tax Ct. Memo LEXIS 612; 45 T.C.M. (CCH) 1156; T.C.M. (RIA) 83177; March 31, 1983. Vincent L. Alsfeld, for petitioners. *613 Mary P. Hamilton, for respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: This case was assigned to Special Trial Judge Randolph F. Caldwell, Jr; for trial, pursuant to section 7456(c), Internal Revenue Code of 1954, [1] and Rules 180 et seq. of this Court's Rules of Practice and Procedure. The court agrees with and adopts his opinion which is set out herein below. OPINION OF THE SPECIAL TRIAL JUDGE CALDWELL, Special Trial Judge: Respondent determined a deficiency of $1,856 in petitioners' 1978 Federal income tax. There are four issues for decision: (1) whether petitioners incurred educational expenses within the meaning of section 162; (2) whether petitioners are entitled to deduct as educational expenses under section 162 payments for flight training expenses for which petitioner-husband received nontaxable reimbursement from the Veterans Administration; (3) whether petitioner-husband is entitled to deduct various business expenses under section 162; and (4) whether petitioners suffered *614 a casualty loss under section 165(c)(3). The term "petitioner" in the singular will refer to Douglas W. Forrest. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated herein by reference. Petitioners resided in Exeter, New Hampshire, at the time the petition was filed in this case. They filed a joint Federal income tax return for the year 1978 with the Internal Revenue Center, Andover, Massachusetts. During 1978, petitioner was employed as a flight engineer with Easter Airlines, Inc. The flight crew on the aircraft flown in by petitioner, excluding flight attendants, consisted of a pilot, co-pilot, and flight engineer. Each of these crew members was required to have a commercial pilot's license. The pilot and the co-pilot were required, in addition, to have an airline transport rating. During 1978, petitioner enrolled in a course offered by Tilford Aviation Center in order to receive an airline transport pilot rating certificate. The pilot in command on a particular type aircraft in commercial service is required to have this certificate. Petitioner incurred educational expenses of $5,100 in connection *615 with this course. As a result of prior military service, petitioner was eligible for veterans' benefit payments under 38 U.S.C. sec. 1677 (1976). Therefore, petitioner received $4,189.50 as reimbursement for a portion of the cost of the course. Because the reimbursement is exempt from tax under 38 U.S.C. sec. 3101(a) (1978), petitioner did not include it as income on his 1978 return. Petitioner deducted the entire cost of the course on his 1978 return. Respondent disallowed petitioner an educational expense deduction on the grounds that the expense did not satisfy section 162 and section 1.162-5, Income Tax Regs. Alternatively, respondent argues that if we do hold for petitioner on this issue, petitioner should not be entitled to deduct the portion of the expense which was reimbursed by the Veterans Administration. Petitioner also deducted miscellaneous expenses under section 162. These included expenses petitioner claimed he incurred for shoe shines, uniform cleaning, business use of his telephone and dues to the Eastern Airlines Pilots Mutual Aid Plan. Respondent disallowed these deductions on the grounds that these expenses *616 were either personal in nature, unsubstantiated, or both. The final issue for decision concerns a casualty loss petitioners claim they suffered as a result of damage to three trees located on their property. In the late spring or early summer of 1978, petitioners discovered that these three trees had died as a result of flooding which had occurred sometime between February and May. Thus, petitioners claimed a casualty loss of $2,000 on their 1978 return. Respondent disallowed the loss, contending that petitioners had neither suffered a casualty within the meaning of section 165(c)(3), nor alternatively established the amount of the loss. OPINION Section 162(a) allows a deduction for all the ordinary and necessary expenses paid or incurred by a taxpayer during the taxable year in carrying on his trade or business. Section 1.162-5(a) of the regulations provides the general rule that, except as otherwise provided in paragraph (b) of such section, expenditures which maintain or improve the skills required by the taxpayer in his employment or other trade or business or which meet the express requirements of the taxpayer's employer are deductible. Paragraph (b) of such section *617 specifically denies a deduction for education which is part of a program of study which will lead to qualifying the taxpayer in a new trade or business, even though the education may maintain or improve skills required in the taxpayer's employment. Respondent contends that petitioner has failed paragraph (b) of this section. We start with the premise firmly in mind that during the taxable year 1978 here involved, petitioner's employment was that of a flight engineer with Eastern Airlines. Although he possessed a commercial pilot's license which entitled him to act as a pilot in command of an aircraft carrying persons or property for compensation or hire and to act as a pilot in command of an aircraft for compensation or hire (14 C.F.R. 61.139 (1978)), it did not entitle him to act as pilot in command or as co-pilot for Eastern. For that, an airline transport certificate was required. The contents of the course petitioner took at Tilford Aviation Center are not shown by the record in this case. We are unable, therefore, to find the requisite direct and proximate relationship between the training course and petitioner's duties as a flight engineer. Cf. Mason v. Commissioner,T.C. Memo. 1982-376 *618 (pilot taking flight engineer courses.) Moreover, even if the requisite relationship had been established, we are convinced that the expenditures for the course at Tilford Aviation Center would not be deductible for the reason that it would have qualified petitioner for a new trade or business, that of pilot in command for a commercial airline. Very recently this Court stated in the Mason case, supra:
It is clear that the duties, responsibilities, and licensing requirements for a pilot are different from those of a flight engineer and that a flight engineer is in a different trade or business than that of a pilot. See Lund v. Commissioner,supra; 14 C.F.R. secs. 61.125, 61.127, 61.129, 63.3, 63.37, 63.39, 121,385(d), 121.387 (1981). Respondent must be sustained in his disallowance of petitioner's flight training expenses. Moreover, since petitioner was partially reimbursed for such expenses by the V.A., he is not, in any event, entitled to deduct such expenses to the extent of the reimbursement. Manocchio v. Commissioner,78 T.C. 989 (1982), *619 on appeal (9th Cir., Sept. 20, 1982). [2]
Petitioner deducted expenses for shoe shines and uniform cleaning of $25 and $180, respectively. He has not made the requisite showing with respect to the shoe shines, but has shown that care of his uniform was an ordinary and necessary business expense within the meaning of section 162(a). See Fryer v. Commissioner,T.C. Memo. 1974-26. Because petitioner estimated these expenses, we apply Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930) and allow petitioner a deduction of $90 for uniform cleaning. Similarly, petitioner deducted $184 for the business use of his telephone. Respondent disallowed this deduction on the ground that petitioner did not properly allocate the expense between personal and business use.
Petitioner substantiated *620 at trial that he expended $105.79 for long distance calls to his employer and to his tax accountant. These expenses are within the purview of sections 162(a) and 212(3), respectively. In addition, petitioner deducted $69, which represents one-half of the base rate of petitioner's annual phone bill. However, the evidence presented does not support a finding that the telephone in petitioner's home was used one-half of the time by petitioner to talk to his employer or tax advisor. Consequently, petitioner is entitled to deduct $125.79 for the business use of his telephone ($105.79 + $20). Petitioner also seeks to deduct $120 for payments which petitioner characterizes as "union dues." Petitioner did not deduct these expenses on his return.However, at trial he produced checks made out to "EAL ALPA Pilots Mutual Aid Plan." The plan's by-laws state that the purpose of the plan is to provide "financial assistance to participants who are unable to perform their regular duties, due to sickness, accident, or death incurred while employed by Eastern Airlines." Other than the checks and a copy of the plan's by-laws, petitioner offered no evidence at trial concerning the plan. There *621 is no showing that petitioner's membership for the plan was required, so that we cannot find that his payments were in the nature of union dues required of him to retain his job with the airline. So far as can be determined from an examination of the plan, it appears that it was simply a mutual self-help organization among Eastern Airlines pilots. The payments were not, in our opinion, deductible as ordinary and necessary business expenses under section 162, or under any other section of the Code. The final issue for decision concerns whether petitioners suffered a casualty loss. Section 165(c)(3) allows individual taxpayers to deduct losses in excess of $100 for property not connected with a trade or business if such losses arise from "fire, storm, shipwreck, or other casualty, or from theft." Casualty has been interpreted to mean "an accident, a mishap, some sudden invasion by a hostile agency; through a steadily operating cause." Fay v. Helvering,120 F.2d 253, affirming 42 B.T.A. 206 (1940). Applying these concepts to the instant case, we hold that petitioners did not suffer a "casualty" in 1978. Petitioner testified that the trees were destroyed *622 by snow and rain which occurred between February and May. Thus, by petitioner's own admission, the damage was not caused by a "sudden invasion," but rather by progressive deterioration due to several months of sustained bad weather. Accordingly, respondent is sustained on this issue. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. See also Wells v. Commissioner,T.C. Memo. 1982-676; Murphy v. Commissioner,T.C. Memo. 1982-634; Heft v. Commissioner,T.C. Memo. 1982-444; Mason v. Commissioner,T.C. Memo. 1982-376; Byrne v. Commissioner,T.C. Memo. 1982-364; Beynon v. Commissioner,T.C. Memo. 1982-349↩.