CHARLES M. and AGNES J. KOEHL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Koehl v. Commissioner
Docket No. 30851-81.
United States Tax Court
T.C. Memo 1983-752; 1983 Tax Ct. Memo LEXIS 27; 47 T.C.M. (CCH) 670; T.C.M. (RIA) 83752; December 19, 1983. *27 Held, respondent's determination of fraud sustained. Charles M. and Agnes J. Koehl, pro se. Richard F. Stein, for the respondent. WHITAKER
MEMORANDUM *28 FINDINGS OF FACT AND OPINION WHITAKER, Judge: Respondent mailed petitioners a statutory notice of deficiency for taxable years 1978 and 1979, on November 4, 1981, showing the following amounts of deficiencies and additions to tax: Sec. 6653 (a) [1]
Year
Deficiency
Additions to Tax
1978
$2,849
$142.45
1979
4,428
221.40
The issues for decision are as follows: (1) Whether petitioners are entitled to adjustments or deductions for the 1978 taxable year for (a) an employee business expense and for automobile depreciation; (b) a casualty loss; (c) a medical expense; (d) taxes; (e) charitable contributions; (f) work clothes; and (g) a registered nurse license. (2) Whether petitioners are entitled to adjustments or deductions for the 1979 taxable year for (a) a casualty loss; (b) a rental loss; (c) work clothes; (d) taxes; (e) charitable contributions; (f) medical expenses; (g) union dues; and (h) whether petitioners should have included $1,084 that Charles M. Koehl received from the U.S. Naval Reserves into taxable income. Respondent *29 in an amendment to his answer, [2] filed November 2, 1982, alleged that the deficiencies as originally determined were due to fraud under section 6653(b) rather than negligence and, thus, that additions of $1,424.50 and $2,214 are due for the taxable years 1978 and 1979, respectively.[3]
At trial, respondent conceded that petitioners had substantiated their claimed interest deductions for the 1978 and 1979 taxable years. FINDINGS OF FACT Some of the facts have been stipulated. The legal address of petitioners Charles M. and Agnes J. Koehl was Box 99, Williamsburg, Virginia, when this petition was filed.Petitioners Charles M. Koehl, a civil engineer, and Agnes J. Koehl, a registered *30 nurse, are cash basis, calendar year taxpayers, who filed timely joint tax returns for the years 1978 and 1979. On their 1978 return they reported a combined wage income of $19,753.86. For the 1978 year, they reported the following deductions: Adjustment or Deduction
Amount
Employee business expenses 3,000.00
Medical
280.16
Taxes
988.00
Interest [4]
3,276.21
Charitable contributions
50.00
Automobile depreciation
$3,000.00
Casualty loss deduction
11,400.00
Work clothes expense
200.00
Registered nurse license
10.00
Total
[5] $22,204.37
As a result, no income tax liability was reported and a refund of $1,860.80 was claimed for taxes previously withheld from their wages. On their joint return for the 1979 year, petitioners reported income of $25,240.56 and the following adjustments and deductions: Adjustment or Deduction
Amount
Rental loss
$13,900.00
Medical
899.32
Taxes
972.00
Interest [6]
3,194.00
Charitable contributions
150.00
Casualty loss
4,600.00
Work clothes
250.00
Union dues
10.00
Total
$23,975.32
*31 They received but failed to report $1,084 of wages earned by Mr. Koehl from the U.S. Naval Reserves. As a result, no income tax liability was reported and a refund of $2,719.63 was claimed for taxes previously withheld from their wages. For taxable year 1977, petitioners reported a combined wage income of $10,981.88 and total adjustments to gross income and deductions of $10,523.59. Mr. Koehl admitted he had failed to report $720 in wages earned from the U.S. Naval Reserve. Charles Marquarot and Agnes Joan Koehl v. Commissioner, T.C. Summary Opinion 1982-824, filed September 16, 1982. In addition, they claimed exemptions for their son, daughter-in-law and grandson that were disallowed.Numerous deductions were either disallowed or partially disallowed and respondent was found to have proven fraud by clear and convincing evidence. In 1977 petitioners purchased a four-room house at 602 N. Nova Road, Daytona Beach, Florida, for $21,500 and occupied it as a residence until sometime during 1978. Their hopes were to convert part of their house into a flower shop and to add a greenhouse onto the existing structure. In 1978 they constructed a rear *32 wall and began and halted construction of the greenhouse. Due to prohibitive costs they abandoned the whole project. Shortly after petitioners moved into their house, their son and his family, being destitute, came to live with them. Although petitioners vacated the house during 1978, the son continued to live there until 1980. The property at 602 N. Nova Road was the only real property that petitioners owned during 1979. Being unable to sell their house, petitioners "rented" [7] it it to their son for $155 a month when their monthly payment during the same time period was $165 a month. During his stay, the son actually paid a total of one or two months' rent, even though petitioners reported rental income of $2,016 on their Schedule E attached to their 1979 return. They did not include such amount in their gross income for that year.Petitioners also paid for all the residential maintenance expenses. As a result of this "rental," the house was treated as business or investment property and a $57,000 adjusted basis was depreciated over a five-year useful life on a straight line basis. *33 For the 1978 year, petitioners claimed $3,000 for employee business expenses and a $3,000 automobile depreciation deduction. Petitioners failed to attach to their return either a Form 2016, Employee Business Expenses, or a schedule relating to depreciable property. Checks and credit card receipts [8] reflecting purchases totaling $2,415.99 from Exxon Company, U.S.A., were submitted as evidence substantiating the employee business expenses, but petitioners fail to identify what, if any, of these amounts related to the automobile used in Mrs. Koehl's business, and what amounts, if any, of these payments related to other business or personal use. [9] No evidence was presented to identify or substantiate the payment of the balance of the claimed employee business expenses. The other $3,000 deduction was taken with respect to the depreciation of a Dodge Ram Charger owned until August 23, 1978. Although Mrs. Koehl used the car in her employment as a nurse, she also used *34 it to some extent for personal purposes. It is also clear that Mr. Koehl put substantial mileage on the car for his personal use. Furthermore, no evidence of the percentage of time Mrs. Koehl used the car, the car's useful life, its salvage value or the method by which it was depreciated was presented. The $11,400 casualty loss deduction claimed for the 1978 year arose by reason of the gradual destruction of household furnishings at the 602 N. Nova Road residence by mold indigenous to Florida, by the wear and tear caused by the son's use of the furnishings and by the decrease in property value caused by the construction earlier that year. Specific items of property destroyed were not identified, nor was the fair market value of the property before and after its destruction shown. Various itemized deductions for the 1978 year were claimed, including an $899.32 deduction for medical expenses, a tax deduction of $988, $50 for charitable contributions, a $200 work clothes deduction and a $10 license fee deduction. Only two of these deductions were partially substantiated by evidence.Petitioners established $238.61 paid as property taxes with respect to the 602 N. Nova Road property *35 and $90.15 paid for medical insurance and $100 paid for medical care.[10]
For the 1979 year petitioners claimed a business loss of $13,900 which, as explained on their Schedule E, was comprised of $11,400 of depreciation of the 602 N. Nova Road property and $2,500 in other unexplained expenses. Rental receipts of $2,016 were also reported on their Schedule E but were not included in gross income. Again, no proof as to five-year useful life or salvage value was provided. Petitioners were unable to substantiate the $57,000 basis in the 602 N. Nova Road property. A casualty loss of $4,700 resulting in a $4,600 deduction was also claimed. Petitioners unconvincingly explained that this amount represents loss from a fire that partially damaged their 1977 Volkswagen Scirocco. As a result of the fire, they were reimbursed $800 from insurance. The Scirocco was purchased in 1977 for $6,607.16 and later was used a trade-in in 1980, enabling petitioners to receive $3,500 towards the purchase price of a new car. Petitioners were unable to substantiate *36 any loss that they incurred as a result of this fire. [11]
For the 1979 year, petitioners claimed a $268 real estate tax deduction but had a real property tax assessment of only $229.08. A sales tax deduction of $132 incurred on an automobile purchase was substantiated. Petitioner is also allowed the optional State sales tax table amount in addition to the State sales tax imposed on the automobile purchase. No evidence was offered to explain the remainder of the $476.92 of taxes reported. No evidence was submitted to substantiate the itemized deductions of $10 for union dues, $250 for work clothes or $150 for charitable contributions. Although $899.32 was claimed as medical expenses for the 1979 year, only $315 of that amount has been substantiated. OPINION Petitioners bear the burden of proof with respect to the underlying deficiencies set forth in the statutory notice of deficiency. [12]Rule 142(a), Tax Court Rules of Practice and Procedure. They have failed to prove even the existence of the employee business expenses for the 1978 year and therefore *37 respondent's determination as to this item is sustained. Welch v. Helvering,290 U.S. 111 (1933). In addition, petitioners have failed to meet their burden in establishing an automobile depreciation deduction for the 1978 year. A depreciation deduction of $3,000 was claimed with respect to a Dodge Ram Charger that petitioners purchased in 1976 for $7,308.84. Taxpayers cannot explain how they arrived at this $3,000 figure. The record is clear that the car was owned for only part of the 1978 year because it was sold on August 23, 1978. Furthermore, petitioners used the car extensively for personal use. No evidence was presented to establish the business use percentage, their method of depreciation or the salvage value of the Dodge Ram Charger they claim to be depreciating, so that respondent's determination is sustained. Vogler v. Commissioner,T.C. Memo. 1975-357; Cobb v. Commissioner,77 T.C. 1096 (1981), affd. 680 F.2d 1388 (5th Cir. 1982).
Petitioners claim they are entitled to a casualty loss deduction of $11,400 for the 1978 year. Section 165(c) provides for the deduction *38 of any loss sustained during the taxable year and not compensated for by insurance or otherwise. In the case of individuals, the deduction is limited to losses incurred in a trade or business, in any transaction entered into for profit, and with respect to any nonbusiness property if such loss is from fire, storm, shipwreck or other identifiable event of a sudden, unexpected or unusual nature. One way for petitioners to obtain a deduction under section 165 is to prove a loss with respect to property used in a trade or business or used in an activity for profit. However, petitioners have not shown any profit-seeking objective with respect to the 602 N. Nova Road property. They occupied the property as a residence until sometime in 1978 and then left, "renting" it to their son. They knew at that time their son was destitute and could not afford to pay "rent." Yet petitioners claimed to have established monthly "rent" of $155 which in no way could cover their costs for maintenance and monthly payment of $165. The Court finds there was no profit objective present. The residential property was not converted into business or investment property by allowing their son to live there. *39 Nicath Realty Co., Inc. v. Commissioner,T.C. Memo. 1966-246; Yanow v. Commissioner,44 T.C. 444 (1965), affd. per curiam 358 F.2d 743 (3rd Cir. 1966). Since this property is nonbusiness property, a casualty loss can only be deducted if the loss occurs by reason of a sudden event. Here, the house and furnishings deteriorated slowly over a period of time and therefore the loss does not meet the requirement that the loss be caused by a sudden event for casualty loss purposes. Fay v. Helvering,120 F.2d 253 (2d Cir. 1941), affg. 42 B.T.A. 206 (1940); Whiting v. Commissioner,T.C. Memo. 1975-38. Thus, a deductible casualty loss with respect to their 602 N. Nova Road property has not been established and respondent's determination is sustained. Because petitioners have established no objective for profit with respect to the 602 N. Nova Road property, they are not entitled to the $13,900 business loss deduction claimed on their 1979 return for $11,400 depreciation and $2,500 of unexplained expense. Yanow v. Commissioner,supra. Furthermore, because only one or two *40 months' rent were ever paid and this amount was exceeded by deductions for taxes and interest during those years, section 183 provides no further deduction. The casualty loss claimed on their 1979 return for an alleged loss of $4,600 from fire damage to a 1977 Volkswagen Scirocco has not been proven. Mr. Koehl received $3,500 as a trade-in for the purchase of a new car in 1980, three years after he purchased the car for $6,607.16. In the interim, he received $800 in insurance payments as compensation for fire damage. Respondent's determination is sustained because no evidence has been presented nor does it seem feasible that Mr. Koehl could have received $3,500 as a trade-in value, $800 in insurance and yet lost 4,700 by reason of a casualty for a car he purchased three years earlier for $6,607.16. Section 1.165-7(b), Income Tax Regs., provides that the amount of the casualty loss to be taken into account for the purposes of section 165(a) shall be the lesser of either the reduction in fair market value caused by the casualty or the amount of adjusted basis for determining loss on the sale or other disposition of the property. To be entitled to a casualty loss deduction, petitioners *41 must show, among other things, the value of the property before and after the fire. Section 1.165-7(a)(2), Income Tax Regs. Petitioners have failed to prove this essential element. Petitioners have made no attempt to prove the deductions for charitable contributions, work clothes, union dues, or a nurse's license claimed either in 1978 or 1979. Only $238.61 of taxes deducted for the 1978 taxable year has been proven and only $361.08 of taxes deducted has been proven for the 1979 year. Specifically, real property taxes with respect to the 602 N. Nova Road property were claimed for the 1978 and 1979 years of $268, while the records clearly show they were assessed liabilities of $238.61 for 1978 and $229.08 for 1979 on that property. Since this was the only real property petitioners owned during that time, this deduction was overstated. In addition, petitioners established $132 of sales tax for the purchase of an automobile during 1979. These amounts are in addition to the amounts based on the optional State sales tax tables. Medical expenses of $190.15 for 1978 and $315 for 1979 have been proven. Petitioners have failed to prove the balance of the medical expenses claimed. *42 With respect to the deductions for which petitioners have offered no proof, the respondent's determination must stand. Welch v. Helvering,supra.
The last issue is whether the respondent has met his burden of proving fraud by clear and convincing evidence. Section 7454(a); Rule 142(b), Tax Court Rules of Practice and Procedure. Respondent must prove some part of the deficiency was due to fraud with intent to evade tax. Otsuki v. Commissioner,53 T.C. 96, 105 (1969). The existence of fraud is a question of fact to be determined upon consideration of the entire record.
Petitioners knowingly failed to report and pay taxes on $1,084 of wages received from the U.S. Naval Reserves for the 1979 year.It is clear that they knew of their duty to report income because they reported other wage income they received that year.Furthermore, they had failed to report similar income received from the same source in 1977. Koehl v. Commissioner, T.C. Summary Opinion 1982-824. This consistent failure to report substantial amounts of income is evidence of fraud. Holland v. United States,348 U.S. 121, 139 (1954). Petitioners have claimed *43 adjustments for employee business expenses for the 1978 taxable year, part of which they cannot even identify and none of which was substantiated. The $3,000 depreciation deduction was claimed on a car originally purchased in 1976 for roughly $7,300, primarily driven for personal use and that was only held by petitioners for either months of that taxable year. For both taxable years, petitioners claimed $268 in real property taxes even though the evidence establishes real property taxes of $238.61 and $229.08 for the taxable years 1978 and 1979, respectively. Petitioners claimed many other questionable deductions but there is no need for further discussion. Fraud may be established by showing an overstatement of deductions, as well as by the omission of income. Neaderland v. Commissioner,52 T.C. 532, 540 (1969), affd. 424 F.2d 639 (2d Cir. 1970), cert. denied 400 U.S. 827 (1970). On their joint returns for the 1977, 1978 and 1979 taxable years, petitioners declared income in the amounts of $10,981.88, $19,753.86 and $25,240.56, respectively. Total adjustments and deductions were claimed in the amounts of $10,532.59, $22,196.37 and *44 $23,975.32 for the years 1977, 1978 and 1979, respectively. Few of the numerous and varied deductions can be established and some cannot even be identified. The entire record clearly shows that petitioners have followed a consistent pattern of omitting income or using numerous overstated adjustments and deductions in order to reduce their tax liability to zero for three consecutive years. Respondent has met his burden of establishing fraud with respect to the underpayment for the years at issue by clear and convincing evidence. Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. Although respondent alleges in Respondent's Amendment to Answer, filed Nov. 2, 1982, that petitioners fraudulently claimed an employee business expense in 1979, there is no such deduction on the 1979 return. Respondent did not discuss this issue at trial or in the briefs so we conclude respondent has either abandoned it or has failed to meet the burden of proof with respect to it. ↩
3. Sec. 6653(d) precludes the addition under sec. 6653(a) if an addition is applicable under sec. 6653(b).↩
4. Conceded at trial. ↩
5. When petitioners added together their itemized deductions on his Schedule A attached to his 1978 return, he mistakenly omitted $8 from the total and reported $19,196.37 as total deductions rather than $19,204.37.↩
6. Conceded at trial.↩
7. The use of the term "rent" is not to indicate any valid leasing arrangement or that there was a business or profit motive.↩
8. The credit card receipts are the records of charges made by petitioners with their credit card issued by Exxon Company, U.S.A.↩
9. Petitioners owned a total of three automobiles at various times during 1978.↩
10. Petitioners also purchased a Toyota pickup truck during this year but did not present any evidence of the amount of sales tax paid.↩
11. $6,607.16 cost minus $3,500 trade-in minus $800 insurance reimbursement leaves $2,307.16 as the maximum loss.↩
12. See footnote 3, supra.↩