JAGTAR SINGH KHINDA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Khinda v. Commissioner
Docket No. 7651-81.
United States Tax Court
T.C. Memo 1984-432; 1984 Tax Ct. Memo LEXIS 242; 48 T.C.M. (CCH) 875; T.C.M. (RIA) 84432; August 13, 1984. Jagtar Singh Khinda, pro se. Roberto Rivera, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS *243 OF FACT AND OPINION FEATHERSTON, Judge: This case was assigned to and heard by Special Trial Judge Fred R. Tansill pursuant to the provisions of section 7456(c) and (d) [1] and General Order No. 8 of this Court, 81 T.C. XXIII. [2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE TANSILL, Special Trial Judge: Respondent determined a deficiency in petitioner's Federal income tax for 1975 in the amount of $2,353.18. After concessions by respondent, the issues remaining for decision are: (1) What amounts may be deducted for theft and casualty losses; (2) whether petitioner is entitled to deduct "home office" expenses; (3) whether petitioner is entitled to deduct child care expenses; (4) whether petitioner is entitled to deduct automobile business expenses; (5) what amount may be deducted as educational expenses. *244 For purposes of clarity, the findings and opinion will be categorized by reference to the particular types of deductions claimed by petitioner on his 1975 return. Petitioner, an unmarried person filing a separate individual tax return for 1975, resided in New York, New York when he filed a petition in this case. Theft Loss - May 24, 1975
On May 24, 1975, a theft occurred at petitioner's apartment. Petitioner filed a report with the police department. The parties have no dispute as to the fact of a theft but disagree as to the amount. In the 1975 return, petitioner valued the household items stolen at $3,559.67. Respondent disabllowed the deduction claimed due to lack of substantiation. The measure of a theft loss under section 165(c)(3) is the lesser of (1) the fair market value of the property immediately before the theft or (2) the adjusted basis of the property. Helvering v. Owens,305 U.S. 468 (1939); section 1.165-7(b)(1), Income Tax Regs. This is essentially a factual issue. The burden of proof is upon petitioner to establish the adjusted basis of the items. Rule 142(a), Tax Court Rules of Practice and Procedure. Based on petitioner's *245 testimony and the entire record, we hold that petitioner is entitled to a theft loss of the cost of household items (personal property) in the amount of $1,850 of the total $3,559.67 claimed by petitioner (before the $100 limitation). Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930). Theft Loss - October 13, 1975
On October 13, 1975, petitioner's 1971 Ford Galaxy 500 was stolen. At the time of this theft, certain personal property, which was in the trunk of the car and never recovered, included the following: various mechanical tools, cost $150; two spare tires, cost $60; hibachi, cost $10; blankets and camping gear, cost $120; total $340. Respondent contends that no deduction should be allowed because petitioner did not establish that the loss was not covered by insurance (inasmuch as petitioner failed to claim reimbursement from his insurance company). We have held that the language of section 165(a) that permits a deduction for a loss "not compensated for by insurance or otherwise" does not extend to the language "not covered by insurance." As a matter of statutory construction, the normal, everyday meaning of the word "compensated" does not *246 comport with respondent's interpretation. To compensate denotes "to pay" to "to make up for." * * * However, to expand the meaning of "compensated" from actual to potential recoupment impermissibly enlarges the statute's restriction. Hills v. Commissioner,76 T.C. 484, 486-487 (1981), affd. 691 F.2d 997 (11th Cir. 1982). See also, Miller v. Commissioner,733 F.2d 399, (6th Cir. 1984), affg. a Memorandum Opinion of this Court. Therefore, since petitioner was not "paid for" his loss, he is entitled to a theft loss deduction if proper substantiation exists. Again, this is essentially a factual issue. The one receipt submitted does not even correspond with the amount claimed on petitioner's tax return. No other documentation was provided. "The burden of proof is not satisfied by making assumptions, * * * or by presenting self-serving opinions, * * *" Tank v. Commissioner,29 T.C. 677, 684-685 (1958), rev'd on other grounds 270 F.2d 477 (6th Cir. 1959). Petitioner's unsupported opinion as to the amount of the loss leaves us in the realm of conjecture. We, therefore, sustain respondent on this issue. *247 Casualty Loss
Petitioner was involved in an automobile accident on August 20, 1975. Petitioner claimed a casualty loss deduction for a cracked transmission housing in the amount of $250. Respondent disallowed this deduction in full on the basis that petitioner did not establish that the damage was the result of a "casualty" as defined in section 165(c)(3). To be a deductible "casualty loss" under section 165(c)(3), it must be shown that the loss has arisen from "fire, storm, shipwreck, or other casualty, or from theft." "Other casualty" has been defined as "an accident, a mishap, some sudden invasion by a hostile agency and it excludes the progressive deterioration of property through a steadily operating cause." Fay v. Helvering,120 F.2d 253 (2d Cir. 1941). Petitioner has the burden of proving that the crack in the transmission housing and the necessity of repairing it at a cost of $350 was due to sudden, externally-caused, forces. There is insufficient proof that this was the case. Petitioner testified only that the insurance company refused to pay for this repair since the crack was not related to the accident. Petitioner has failed to prove the *248 cause of the crack in the transmission housing. Accordingly, we hold that the claimed casualty loss deduction must be disallowed and respondent is sustained on this issue. Home Office Deduction
In Khinda v. Commissioner,T.C. Memo. 1982-42, petitioner litigated and lost a home office issue for the taxable year 1974. Our findings on that issue were as follows: While still married, petitioner, Janine and their children resided in a two-bedroom apartment in Manhattan. Prior to and during 1974 petitioner maintained one bedroom as an office. The children slept in the other bedroom and petitioner (as well as his wife while they were married) slept on a sofabed in the living room. This office was used by petitioner to keep abreast of the latest developments in his profession and to study in connection with his Ph.D. courses. It contained a desk, drawing board with a special light fixture, two file cabinets, and bookshelves for his technical books and journals. Additionally, this room had two closets which petitioner used to store clothes. Petitioner testified that this room was used exclusively for work-related activities. At Ebasco petitioner was furnished *249 with a desk and other facilities (such as a drawing board when needed and a computer terminal) at which to perform his job. Ebasco did not require petitioner to maintain a home office and, therefore, he did not inform his employer that he had one. Petitioner testified that it was helpful, but not essential, to maintain an office in his home. An identical issue on similar facts is presented for 1975. For the reasons stated in our prior opinion, we sustain respondent on this issue. Child Care Expenses
Petitioner claimed $1200 for child care expenses as an itemized miscellaneous deduction. Form 2441 was not attached to petitioner's tax return as requested on Schedule A. Petitioner testified that this amount was spent to send his sons to Switzerland for summer camp. Before its repeal by the Tax Reform Act of 1975, section 214 allowed an itemized deduction for certain child and dependent care expenses. A taxpayer has to substantiate by adequate records or other sufficient evidence any child care deduction claimed. Section 1.214A-1(e), Income Tax Regs.
Deductions are a matter of legislative grace. Petitioner has the burden of proof and must establish that he *250 is entitled to the deductions claimed. Rule 142(a), Tax Court Rules of Practice and Procedure. Because petitioner furnished no evidence whatsoever to support the child care deduction, except for his uncorroborated testimony, we hold that petitioner has not carried his burden of proof. We therefore sustain respondent on this issue. Automobile Business Expenses
During 1975, petitioner was employed by Ebasco Services, Incorporated (Ebasco) as a civil engineer and studied doctoral level courses at night at New York Polytechnic Institute (PINY). The parties have stipulated that petitioner's schooling was not a requirement of his employment. The record discloses that petitioner deducted his automobile expenses [3] even though his car was not actually used for anything other than commuting from his home to Ebasco, from Ebasco to PINY, and back home. It is well established that commuting expenses, regardless of how far one travels to work, are nondeductible personal living expenses under section 262. Section 1.262-1(b)(5) and 1.162-2(e), Income Tax Regs.; Fausner v. Commissioner,413 U.S. 838 (1973). It is readily apparent that these expenses are simply personal, *251 nondeductible commuting expenses.
Petitioner additionally testified that he "sometimes" traveled during the day on account of his employment. However, it has been stipulated that petitioner has no records of either his business mileage or total mileage driven in 1975. We, therefore, have no basis for calculating a proper business expense. Therefore, we sustain respondent's determination with respect to the automobile expenses. Educational Expenses
Of all the educational expenses claimed on petitioner's return, respondent concedes a total of $1,490.21 which has been sybstantiated and is a proper deduction. Respondent alleges that petitioner has failed to substantiate the differences. Again, the burden of proof is upon petitioner. The only evidence presented was an unmarked receipt for 54 cents and a check made out to cash. This evidence is grossly inadequate. We therefore sustain respondent on this issue. Decision will be entered under *252 Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to General Order No. 8, dated July 1, 1983, the post-trial procedures set forth in Rule 182, Tax Court Rules of Practice and Procedure↩ are not applicable to this case.
3. Petitioner calculated his deduction by multiplying 5/7 (apparently reasoning that he was entitled to deduct that portion of the week attributable to his employment-5 out of 7 days) by his total automobile expenses.↩